UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| Victoria Calixto ) | |
| ) Case No. 17-18317-SMG | |
| ) | |
| ) Chapter 13 | |
| Debtor. ) | |
| _____) | |

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO REOPEN
CHAPTER 13 CASE FILED BY INTERESTED PARTY**

COMES NOW Interested Party Gulfstream Park Racing Association, Inc. ("Interested Party" or "Gulfstream"), by and through counsel, and for its Response in Opposition to the Debtor's Motion to Reopen Chapter 13 Case ("Motion to Reopen"), states:

**INTRODUCTION**

Debtor has moved this Court to reopen her bankruptcy to "file amended bankruptcy schedules to disclose the existence of the personal injury claim" [against Interested Party]. (Doc. 53). During the course of her bankruptcy proceedings, Debtor failed to disclose her personal injury suit filed in Florida state court. Debtor now attempts to correct her omission. But this is not a self-started attempt by Debtor to correct a mistake but, rather, a last-ditch effort to avoid an adverse judgment after her concealment of the personal injury claim was raised by the Interested Party in state court. With that perspective, and for the reasons that follow, Debtor's Motion to Reopen should be denied.

1

20566619.1

**FACTUAL AND PROCEDURAL HISTORY**

1. On March 17, 2021, Debtor allegedly sustained injuries in a slip and fall while on the premises of Interested Party. (Exhibit 1, Complaint for Damages filed in the 17th Judicial Circuit of Florida, Broward County).

2. On June 30, 2022, Debtor filed a lawsuit against Interested Party in the 17th Judicial Circuit Court of Florida for injuries related to the alleged slip and fall. (Exhibit 1).

3. On June 30, 2017, Debtor filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Southern District of Florida, in Case No. 17-18317-SMG. (ECF No. 1).

4. Concurrent with the filing of her Bankruptcy Petition, Debtor filed a Schedule A/B: Property form, which required her to list "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment. *Examples*: Accidents, employment disputes, insurance claims, or rights to sue." (ECF No. 1, at Pg. 13 of 52, No. 33).

5. Schedule A/B also required Debtor to list "[o]ther contingent and unliquidated claims of every nature." (ECF No. 1, at Pg. 13 of 52, No. 34).

6. On April 30, 2018, the bankruptcy court entered its Order Confirming Chapter 13 Plan, which confirmed Debtor's proposed third amended Chapter 13 plan. (ECF No. 38).

7. On July 5, 2018, the bankruptcy court entered its Amended Order Confirming Chapter 13 Plan, amending to correct the Confirmation Hearing date to April 12, 2018. (ECF No. 41).

8. On June 1, 2022, following receipt of the Chapter 13 Trustee's Notice of Plan Completion on May 9, 2022, the bankruptcy court entered its Order of Discharge. (ECF No. 43 and Doc. 48).

20566619.1

9. On August 26, 2022, the Chapter 13 Trustee filed her Final Report and Account, which informed the bankruptcy court that the bankruptcy estate had been fully administered. (ECF No. 50).

10. Debtor's bankruptcy case was closed on September 28, 2022, after the bankruptcy court entered its Final Decree. (ECF No. 51).

11. Between the date of the alleged incident on March 17, 2021, and the closure of Debtor's bankruptcy on September 28, 2022, Debtor took no action to disclose the claims against Gulfstream in her bankruptcy.

12. On October 19, 2022, Interested Party served Debtor with a Motion for Summary Judgment in the state court suit arguing that Debtor both lacks standing to bring her claims against Interested Party and should be judicially estopped due to her failure to disclose the claims in this Court. (Exhibit B, Gulfstream Park Racing Association's Motion for Summary Judgment).

13. Debtor's response to the Motion for Summary Judgment in the state court suit was to file a Motion to Reopen in this Court. (ECF No. 53).

14. Therefore, Debtor's Motion to Reopen was not filed until after Debtor was caught not disclosing the asset to this Court.

15. Debtor should not be allowed to reopen her bankruptcy case and benefit from her deception. This is particularly true because the creditors will not benefit from the estate being reopened, as discussed below.

## **LEGAL ANALYSIS**

As an initial note, Interested Party has standing to oppose Debtor's Motion to Reopen pursuant to Rule 2018(a) of the Federal Rules of Bankruptcy Procedure, which permits "any interested entity to intervene generally or with respect to any specific matter" in a case under the

3

20566619.1

Bankruptcy Code. The Eleventh Circuit has held state court defendants such as Interested Party have standing to object to motions to reopen under these circumstances. *See Slater v. U.S. Steel Corp.*, 820 F.3d 1193, 1226 n. 86 (11th Cir. 2016) (stating state court defendant had standing to object to reopening when debtor moved to reopen after the defendant filed a motion for summary judgment arguing judicial estoppel due to nondisclosure in bankruptcy); *see also In re Lewis*, 273 B.R. 739, 743 (Bankr. N.D. Ga. 2001) (determining state court defendants can oppose motion to reopen because of impact reopening would have on them in both forums); *In re Tarrer*, 273 B.R. 724, 731 (Bankr. N.D. Ga. 2001).

The decision to reopen a bankruptcy case is committed to the broad discretion of the bankruptcy court. *See Woide v. Fannie Mae (In re Woide)*, 730 Fed. Appx. 731, 735 (11th Cir. 2018). When considering whether to reopen a bankruptcy case, the Court must apply section 350(b) of the Bankruptcy Code. This section provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." "The moving party has the burden to demonstrate sufficient cause to reopen." *In re Winburn*, 196 B.R. 894, 897 (Bankr. N.D. Fla. 1996); *see also In re Rose*, Case No. 05-52190, 2006 Bankr. LEXIS 4148, at *4 (Bankr. M.D.N.C. Feb. 17, 2006) (finding debtor did not meet burden to demonstrate cause where debtor "presented no evidence of his ability to make his [plan] payments").

"A decision to reopen a case under section 350(b) is based on 'the particular circumstances and equities of each case'. ... When deciding whether to reopen a closed case, courts generally consider the benefit to creditors, the benefit to the debtor, the prejudice to the affected party and other equitable factors." *In re Losada*, 557 B.R. 244, 248 (Bankr. S.D. Fla. 2016) (quoting *In re Rodriguez*, 2015 Bankr. LEXIS 2704, 2015 WL 4872343, at *2 (Bankr. S.D. Fla. Aug. 12, 2015)).

"[I]f reopening a bankruptcy case would serve no purpose, then cause to reopen does not exist." *In re Worobec*, CASE NO. 06-10085-KKS, 2021 Bankr. LEXIS 3666, at *21 (Bankr. N.D. Fla. Oct. 22, 2021).

Here, based on the applicable law, Debtor's Motion to Reopen should be denied.

**I.    Reopening Debtor's bankruptcy would serve no purpose because the Chapter 13 plan is complete and can no longer be amended to contemplate the claim Debtor seeks to disclose.**

Debtor's Motion seeks to reopen the case to schedule the additional asset of her claim against Interested Party. But under the bankruptcy code, it is too late for that to have any effect on Debtor's creditors (which may be why Debtor's Motion makes no mention of a benefit to her creditors and just states that her creditors were not prejudiced by the prior failure to disclose). Per 11 U.S.C. § 1329(a)(1), a debtor's repayment plan can be modified to increase payments to creditors but only "before the completion of payments under such plan." 11 U.S.C. § 1329(a); *see also In re Euler*, 251 B.R. 740, 743 n. 1 (Bankr. M.D. Fla. 2000) ("a plan can only be modified under § 1329 'before completion of payments under the plan'").

As stated by the Southern District of Georgia Bankruptcy Court in the *In Re D'Antignac* case:

> If the [chapter 13] case closed following the debtor's completion of payments, reopening the case to administer the asset may not accomplish anything because the Chapter 13 Trustee has no authority to liquidate assets in the absence of a plan provision and the plan, which presumably did not contemplate prosecution of the cause of action, cannot be modified after the debtor has completed her plan payments under Code §1329(a)." W. Homer Drake, Jr., Hon. Paul W. Bonapfel & Adam M. Goodman Chapter 13 Practice and Procedure, §6:7 (2012 ed.); *see also In re Green*, 2004 Bankr. LEXIS 418 (Bankr. M.D. Ga. April 7, 2004) (motion to modify plan untimely when filed after the debtor has completed all plan payments); *In re Jacobs*, 263 B.R. 39, 43 (Bankr. N.D.N.Y. 2001) (motion to modify plan was untimely where the debtors had completed their payments into the plan); *In re Thompson*, 344 B.R. 461, 465 (Bankr. W.D. Va. 2004) ("[T]he Court is without authority to modify the Debtor's Chapter 13 Plan to

5

provide additional payments to creditors more than five years after [the first plan payment became due]. Moreover, [citing §1329 (a)] if a Chapter 13 Plan is to be modified, it must be done `before the completion of payments under such plan.'"). By statute, no additional assets can be administered under this chapter 13 plan.

Case Number 05-10620, 2013 Bankr. LEXIS 621 (Bankr. S.D. Ga. Feb. 19, 2013).

Here, Debtor filed her Chapter 13 petition in June, 2017. Her Chapter 13 plan was confirmed on April 30, 2018. The trustee filed a Notice of Plan Completion on May 9, 2022. Because of section 1329(a)'s requirement that any modification to the Chapter 13 plan must occur "before the completion of payments under such plan," the time for modifying the Chapter 13 plan has ended. There is now no way for the lawsuit or any other asset to be administered on behalf of the estate. Therefore, reopening the bankruptcy serves no purpose, and the Motion to Reopen should be denied.

II. **The scheduling of an asset Debtor concealed while her case was pending is not a proper basis for reopening a closed bankruptcy.**

Next, the relief Debtor seeks - to disclose a lawsuit that should have been disclosed while her bankruptcy was open, so she can attempt to avoid summary judgment in civil court - is not a proper basis for reopening a bankruptcy.

Debtor was required to disclose this claim when it arose during the pendency of her Chapter 13 case. Under the Bankruptcy Code, property of the estate includes "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). In a Chapter 13 case, the bankruptcy estate also includes "all property of the kind specified in [section 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted...." 11 U.S.C. §1306(a)(1). *See also Harris v. Viegelahn*, 135 S. Ct. 1829, 1835, 191 L. Ed. 2d 783 (2015) ("the Chapter 13 estate from which creditors may be paid includes both the debtor's property at the time of his bankruptcy petition, and any wages and property acquired after filing.")

6

Debtor's claim accrued while her bankruptcy was pending and thus, became property of the bankruptcy estate at that time under 11 U.S.C. §§ 541 and 1306. She therefore had a duty to amend her schedules to list the claim as a bankruptcy estate asset.

In exchange for the protections of bankruptcy, debtors have an affirmative statutory duty to disclose all property of the estate, including contingent causes of action. 11 U.S.C. §§ 541(a), 521(a)(1)(B)(1) (requiring a debtor to file "a schedule of assets and liabilities.") Because a Chapter 13 bankruptcy estate includes all property the debtor acquires after the commencement of the case but before the case is closed, Chapter 13 debtors have a continuing duty to amend their bankruptcy schedules to disclose any cause of action that arises during the pendency of a Chapter 13 case.[1]

Here, Debtor knew immediately of her claim when it arose in 2021 and she filed her lawsuit against Interested Party in June, 2022, all during the pendency of her bankruptcy. Debtor had an affirmative duty to disclose her interest in this claim by filing an amended Schedule A/B in the bankruptcy court. Yet despite this duty to amend the bankruptcy schedules, Debtor failed to do so. She kept silent in bankruptcy court about the claim, despite the fact she had retained counsel and filed a lawsuit to pursue it. The bankruptcy court granted Debtor a discharge of her debt on June 1, 2022, and the bankruptcy closed several months later. Only after Interested Party filed its

---

[1] *See e.g.*, *Ajaka v. BrooksAmerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006) (debtor had duty to amend schedule of assets to disclose complaint filed after Chapter 13 plan was confirmed); *Barbosa v. Solomon*, 235 F.3d 31, 35-37 (1st Cir. 2000); *In re Flugence*, 738 F.3d 126, 129-130 (5th Cir. 2013); (recognizing duty to disclose cause of action that accrued after confirmation of Chapter 13 plan); *Kimberlin v. Dollar General Corp.*, 520 Fed. Appx. 312, 314-15 (6th Cir. 2013); *Van Horn v. Martin*, 812 F.3d 1180, 1183 (8th Cir. 2016) (Chapter 13 debtor had duty to disclose cause of action that arose during Chapter 13 bankruptcy); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) ("The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding.").

Motion for Summary Judgment in state court did Debtor, for the first time, reveal to the bankruptcy court that she had a personal injury claim, which was property of the bankruptcy estate.

In moving to reopen the bankruptcy to disclose this cause of action, Debtor concedes she "failed to amend." But her "hand in the cookie jar" attempt to come clean about her assets after she has been caught is roundly rejected by courts:

> Allowing Billups to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002), *overruled on other grounds by Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017). *See also In re Koch*, 229 B.R. 78, 87-88 (Bankr. E.D. N.Y. 1999) (vacating order reopening debtor's bankruptcy, where debtor failed to disclose estate property before bankruptcy case closed because to condone debtor's conduct "would encourage debtors to conceal their assets to have the claims of their creditors discharged, and then, as was done by Koch in his case, commence an action to realize the value of those assets without their participation. This would undermine the integrity of the bankruptcy court.")

Other circuit courts have expressly rejected any suggestion that debtors should be permitted to avoid an adverse judgment by reopening a bankruptcy only after they are caught concealing bankruptcy estate assets: "Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively." *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993).

Debtors attempting this "***cannot be permitted, at this late date, to re-open the bankruptcy proceeding and amend their petition.***" *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) (emphasis added). The Sixth Circuit held that permitting such a cure "would encourage gamesmanship since [the debtor] only fixed her filing after the opposing party pointed out that those filings were inaccurate." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 481 (6th Cir. 2010).

Debtor should not be permitted to misuse bankruptcy procedure and reopen solely for the purpose of attempting to defeat a dispositive motion in civil court. *In re Maloy*, 195 B.R. 517, 519 (Bankr. M.D. Ga. 1996) ("To permit this case to be reopened solely for the purpose of amending the schedules so as to equip the Debtor with new arguments to assert in the District Court is an inappropriate function of the Bankruptcy Court.").

Allowing Debtor to reopen only to avoid civil defenses would send the message that debtors may conceal assets during bankruptcy and suffer no ill consequences if caught because they can simply reopen and be no worse off than if they had initially disclosed. This is not a permissible use of 11 U.S.C. § 350, as recognized by numerous courts.

This Court should decline to reopen Debtor's bankruptcy. Debtor's concealment of the personal injury claim should not be ratified by this Court, which would be the result if Debtor is allowed to go back and disclose the claim only after being caught.

## CONCLUSION

Permitting Debtor to reopen her bankruptcy would be futile in that it would not benefit Debtor's creditors and would serve no purpose in the bankruptcy. It would also signal approval of Debtor's concealment of a bankruptcy asset to the detriment of her creditors and further impair the integrity of the bankruptcy process.

WHEREFORE, Interested Party Gulfstream Park Racing Association, Inc., requests the Motion to Reopen (Doc. 53) be denied, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

WICKER SMITH O'HARA McCOY & FORD, P.A.
515 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Main Tel. No.:	(954) 847-4800
Direct Dial Tel. No.:	(954) 847-4874
Facsimile No.:	(954) 760-9353
Email address:	jcastro@wickersmith.com
Florida Bar No.:	48721

BY:   /s/   Jennifer Castro

*Attorneys for Gulfstream Park Racing Association, Inc.*

Natalie J. Kussart, Esquire
SANDBERG PHOENIX
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
Main Tel. No.:	(314) 231-3332
Direct Dial Tel. No.:	(314) 446-4255
Facsimile No.:	(314) 241-7604
Email address:	nkussart@sandbergphoenix.com
Missouri Bar No.:	59622

BY:   /s/   /s/ Natalie J. Kussart

*Attorneys for Gulfstream Park Racing Association, Inc.*

20566619.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 01, 2022, a true and correct copy of Gulfstream Park Racing Association, Inc.'s Response in Opposition to Debtor's Motion to Reopen Chapter 13 Case Filed by Interested Party was served via CM/ECF electronic transmission to those parties who are currently on the list to receive e-mail notice and service for this case, and by U.S. Mail to;

| | |
|---|---|
| Hector Hernandez, Esq.<br>*Counsel for Debtor*<br>7480 S.W. 40th Street<br>Suite 420<br>Miami, FL 33155<br>hector@hhalaw.com | Robin R. Weiner<br>Robin R. Weiner, Chapter 13 Trustee<br>Post Office Box 559007<br>Fort Lauderdale, FL 33355<br>robin@ch13weiner.com |
| Office of the U.S. Trustee<br>51 S.W. 1st Avenue, Suite 1204<br>Miami, FL 33130<br>USTPRegion21.MM.ECF@usdoj.gov | |

20566619.1