106962-7

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY FLORIDA

VICTORIA CALIXTO                                 CIRCUIT CIVIL DIVISION

    Plaintiff,                                   CASE NO. CACE-22-009588

vs.

GULFSTREAM PARK RACING ASSOCIATION,
INC.,

    Defendant.

_____/

### GULFSTREAM PARK RACING ASSOCIATION, INC.'S
### MOTION FOR FINAL SUMMARY JUDGMENT

COMES NOW, Defendant, Gulfstream Park Racing Association, Inc. ("Gulfstream"), by

and through undersigned counsel, and files this Motion for Final Summary Judgment, and states

as follows:

### INTRODUCTION

On June 30, 2022, Plaintiff Victoria Calixto filed this lawsuit, alleging that on March 17,

2021, she was injured when she slipped and fell on Gulfstream's premises.  When this alleged

incident occurred, Ms. Calixto had an ongoing Chapter 13 bankruptcy case pending in the United

States Bankruptcy Court for the Southern District of Florida, Case No. 17-18317-SMG.  Despite

an affirmative duty to disclose this claim in her ongoing bankruptcy, Ms. Calixto concealed its

existence from the bankruptcy court, trustee, and her creditors.  While the bankruptcy was pending,

Ms. Calixto took control over the bankruptcy estate property and filed this lawsuit, even though

she did not have standing or authority to do so.  As set forth below, Ms. Calixto lacks standing and

is judicially estopped from pursuing this case.  Because there is no genuine issue as to any material

EXHIBIT B

CASE NO. CACE-22-009588

fact concerning Ms. Calixto's failure to properly schedule and disclose this lawsuit in her bankruptcy, final summary judgment should be entered in favor of Gulfstream.

## STATEMENT OF UNCONTROVERTED FACTS

1. On March 17, 2021, Ms. Calixto allegedly sustained injuries in a slip and fall while on the premises of Gulfstream. (Complaint for Damages).

2. On June 30, 2017, Ms. Calixto filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Southern District of Florida, in Case No. 17-18317-SMG. (Bankruptcy Petition of Victoria Calixto, attached as Exhibit A[1]).

3. Concurrent with the filing of her Bankruptcy Petition, Ms. Calixto filed a Schedule A/B: Property form, which required her to list "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment. *Examples*: Accidents, employment disputes, insurance claims, or rights to sue." (Exhibit A, at Pg. 13 of 52, No. 33).

4. Schedule A/B also required Ms. Calixto to list "[o]ther contingent and unliquidated claims of every nature." (Exhibit A, at Pg. 13 of 52, No. 34).

5. On April 30, 2018, the bankruptcy court entered its Order Confirming Chapter 13 Plan, which confirmed Ms. Calixto's proposed third amended Chapter 13 plan. (Order Confirming Chapter 13 Plan, attached as Exhibit B).

---

[1] Gulfstream moves this Court to take judicial notice of the pleadings, orders, and other documents filed or entered in Ms. Calixto's bankruptcy. *See* FL ST § 90.202(6) ("A court may take judicial notice of…[r]ecords of any court of this state or of any court of record of the United States….").

EXHIBIT B

CASE NO. CACE-22-009588

6.     On July 5, 2018, the bankruptcy court entered its Amended Order Confirming Chapter 13 Plan, amending to correct the Confirmation Hearing date to April 12, 2018. (Amended Order Confirming Chapter 13 Plan, attached as Exhibit C).

7.     On June 1, 2022, following receipt of the Chapter 13 Trustee's Notice of Plan Completion on May 9, 2022, the bankruptcy court entered its Order of Discharge. (Notice of Plan Completion, attached as Exhibit D; Order of Discharge, attached as Exhibit E).

8.     On August 26, 2022, the Chapter 13 Trustee filed his Final Report and Account, which informed the bankruptcy court that the bankruptcy estate had been fully administered. (Chapter 13 Standing Trustee's Final Report and Account, attached as Exhibit F).

9.     Ms. Calixto's bankruptcy case was closed on September 28, 2022, after the bankruptcy court entered its Final Decree. (Final Decree, attached as Exhibit G; Docket of Case No. 17-18317-SMG, attached as Exhibit H).

10.    Between the date of the alleged incident on March 17, 2021, and the closure of Ms. Calixto's bankruptcy on September 28, 2022, Ms. Calixto took no action to disclose the claims against Gulfstream in her bankruptcy.

## STANDARD OF REVIEW

A movant is entitled to summary judgment if the pleadings, written discovery responses, and any affidavits "show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See In re Amendments to Florida Rule of Civil Procedure 1.510*, 309 So.3d 192, 193

EXHIBIT B

(Mem) (Fla. 2020) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505,

91 L.Ed.2d 202 (1986)).

Once the movant makes a properly supported motion for summary judgment, the adverse

party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477

U.S. at 250. Moreover, "[a] party opposing summary judgment 'must do more than simply show

that there is metaphysical doubt as to the material facts.'" *Id.* (*quoting Matsushita Electric*

*Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

"Material" facts are limited to "those that might affect the outcome of the suit under the governing

law." *Anderson*, 477 U.S. at 248; *see also In re Amendments to Florida Rule of Civil Procedure*

*1.510*, 309 So. 3d at 192 (adopting the summary judgment standard in *Anderson* and other United

States Supreme Court opinions).

## **ARGUMENT**

### **A. Ms. Calixto lacks standing because this cause of action is undisclosed property of her bankruptcy estate.**

#### *1.      This cause of action is property of Ms. Calixto's bankruptcy estate, which she was required to disclose to the bankruptcy court, trustee, and her creditors.*

As a threshold matter, this lawsuit is property of the bankruptcy estate because it arose

while Ms. Calixto's Chapter 13 bankruptcy was open and pending.

When a debtor files for bankruptcy, all the debtor's assets are immediately transferred to

the bankruptcy estate. *Harris v. Viegelahn,* 135 S.Ct 1829, 1835 (May 18, 2015) (citing 11 U.S.C.

§541.). The bankruptcy estate includes contingent and unliquidated civil claims or causes of

action. 11 U.S.C. § 541(a); *Thomas v. Barrett, Daffin, Frappier, Turner & Engel LLP*, 532 F.

App'x 10, 11 (2d Cir. 2013); *Clark v. Trailiner Corp.*, 242 F.3d 388 (10th Cir. 2000). Any asset

EXHIBIT B

a Chapter 13 debtor acquires during bankruptcy becomes property of the debtor's bankruptcy estate. *In re Waldron*, 536 F.3d 1239, 1241 (11th Cir. 2008).

Debtors, such as Ms. Calixto, are required to disclose all bankruptcy estate property. 11 U.S.C. § 521. The importance of this duty cannot be overemphasized. For example, the Eleventh Circuit in *Marable v. Marion Military Inst*., 595 Fed. App'x 921, 923 (11th Cir. 2014), explained: "A debtor seeking shelter under the bankruptcy laws must disclose all assets, ***or potential assets***, to the bankruptcy court." (Emphasis added.) Similarly, the court in *In re McElroy*, 229 B.R. 483, 488 (Bankr. M.D. Fla. 1998), noted: "A debtor's complete disclosure is essential to the proper administration of the bankruptcy estate. This disclosure serves the purpose of providing reliable information to those with an interest in the bankruptcy estate, who are entitled to a truthful statement of the debtor's affairs."[2] (Internal citation omitted.)

Chapter 13 debtors also have an affirmative duty to disclose any asset they acquire <u>after</u> they file for bankruptcy. Section 1306(a)(1) of the Bankruptcy Code provides, "[p]roperty of the [Chapter 13 bankruptcy estate] includes … all property of the kind specified in such section that the debtor acquires *after the commencement of the case but before the case is closed, dismissed, or converted*…" 11 U.S.C. § 1306 (emphasis added). The Eleventh Circuit has "explicitly held

---

[2] *See also In re Dellutri Law Grp.*, 482 B.R. 642, 653 (Bankr. M.D. Fla. 2012) ("[Bankruptcy] requires full and complete disclosure of the precise nature of all of a debtor's assets, liabilities, and financial affairs prior to and surrounding the commencement of the case."); *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) ("Viewed against the backdrop of the bankruptcy system and the ends it seeks to achieve, the importance of this disclosure duty cannot be overemphasized."); *Milian v. Wells Fargo & Co.*, 507 B.R. 386, 393 (S.D. Fla. 2014) ("Debtors who file for bankruptcy are required, under penalty of perjury, to disclose in their bankruptcy petitions all fixed and contingent assets, including all causes of action that the debtor knows about or that exist at the time the bankruptcy action begins, as well as those that the debtors learn about before the bankruptcy case is closed.").

CASE NO. CACE-22-009588

that a Chapter 13 debtor has a continuing statutory duty to amend [her] schedule of assets to reflect a claim [she] raised in an employment discrimination lawsuit [she] filed before the bankruptcy was discharged." *D'Antignac v. Deere & Co.*, 604 F. App'x 875, 878 (11th Cir. 2015). "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend [her] financial statements if circumstances change." *Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006). Moreover, because such assets are property of the bankruptcy estate, creditors or the trustee may also move to modify the terms of the plan to take possession of such assets as proceeds of the debtor's plan. 11 U.S.C. § 1329.

When a claim is not scheduled (i.e., disclosed) by a debtor, it remains property of the estate because it was not administered and not abandoned. 11 U.S.C. §554(d); *In re Kane*, 628 F.3d 631, 637 (3d Cir. 2010) (an asset must be properly scheduled in order to pass to the debtor through abandonment under 11 U.S.C. § 554); *Cheng v. K & S Diversified Invs., Inc.*, 308 B.R. 448, 461 (9th Cir. BAP 2004) ("Property of the estate that is not scheduled or otherwise administered by the time the case is closed remains property of the estate forever"). Under 11 U.S.C. §554, assets may be abandoned by the trustee after notice and a hearing. 11 U.S.C. §554(a). Alternatively, assets that are ***scheduled*** by the debtor may be abandoned at the close of the bankruptcy. 11 U.S.C. §554(c). But property that is not scheduled <u>cannot</u> be abandoned and remains property of the bankruptcy estate. 11 U.S.C. §554(d).

Here, Ms. Calixto's claim accrued during her bankruptcy and is property of her bankruptcy estate. Ms. Calixto had an affirmative duty to timely disclose her interest in this claim by filing an amended Schedule B. However, Ms. Calixto failed to take this required action to advise the

- 6 -

CASE NO. CACE-22-009588

bankruptcy court, trustee, and her creditors of her claim.  Consequently, because Ms. Calixto never

scheduled or disclosed her claim, it could not be abandoned by the trustee and forever remains

property of her Chapter 13 bankruptcy estate.

> **2.**    ***Ms. Calixto's failure to disclose this cause of action deprives her of legal capacity to sue.***

Because she failed to disclose this claim in her bankruptcy, Ms. Calixto lacks standing to

bring this lawsuit.  Federal Rule of Bankruptcy Procedure 6009 governs a Chapter 13 debtor's

standing regarding any cause of action that is property of the bankruptcy estate, and states:

> With or without court approval, the trustee or debtor in possession may prosecute
> or may enter an appearance and defend any pending action or proceeding by or
> against the debtor, or commence and prosecute any action or proceeding **in behalf
> of the estate** before any tribunal.

(Emphasis added.)  Florida courts have concluded Chapter 13 debtors maintain standing to pursue

causes of action "on behalf of the bankruptcy estate."  *Aery v. Wallace Lincoln-Mercury, LLC*, 118

So. 3d 904, 911-12 (Fla. 4th DCA 2013); *see also Montes v. Mastec North Am., Inc.*, 132 S.3d

1195 (Fla. 3d DCA 2014).  But the test for whether a debtor is bringing a civil cause of action on

behalf of the bankruptcy estate is whether the debtor has *properly disclosed* the existence of the

cause of action.  As the *Aery* court explained:

> The failure of a party to disclose a cause of action as an asset in a prior bankruptcy
> proceeding, which the party knew or should have known existed at the time of that
> proceeding, deprives him or her of the legal capacity to sue subsequently on that
> cause of action.

*Aery*, 118 So.3d at 912 (internal quotation marks omitted). The logic of this conclusion is clear

because a debtor *cannot* bring a cause of action on behalf of his or her creditors if those creditors

- 7 -

*do not know* that the cause of action exists.  For example, the court in *Pierce v. Visteon Corp.*, No.

1:05-cv-01325-LJM-DKL, 2013 WL 3225832, at *17 (S.D. Ind. June 25, 2013), noted:

> [The debtor's] pending bankruptcy is under Chapter 13; therefore, she could, if she raises the issue in her petition and so states, bring her claim on behalf of her bankruptcy estate….However, as previously mentioned, Plaintiffs present no evidence that [the debtor] intends to bring her claim on behalf of her bankruptcy estate or has disclosed her claim in her pending bankruptcy. In the absence of such evidence, [the debtor] does not have standing to bring her claim.

Similarly, the court in *Cowling v. Rolls Royce Corp.*, 1:11-cv-01719-JMS-TAB, 2012 WL

4762143, at *5 (S.D. Ind. Oct. 5, 2012), explained:

> When a debtor *has* disclosed a pending lawsuit in his bankruptcy proceeding, he can have standing to pursue that lawsuit on behalf of the bankruptcy estate…. However, when — as here — the debtor *has not* disclosed a pending lawsuit in his bankruptcy proceeding, that standing is lacking. Simply put, the debtor cannot be said to be pursuing the claims on behalf of the estate when he has not even disclosed their existence to the estate.

Failing to disclose the existence of a claim evidences the debtor's intention to keep the proceeds

of any settlement or judgment for herself, not submit those proceeds to the trustee or creditors.

Here, Ms. Calixto did not disclose her claim, and therefore, she clearly was not and is not

bringing this cause of action on behalf of the bankruptcy estate.  Ms. Calixto's breach of her

affirmative duty to disclose this claim shows she has acted for her own benefit, not on behalf of

her creditors. Therefore, she lacks capacity to sue on behalf of the bankruptcy estate and summary

judgment should be granted.

**B.     Ms. Calixto is judicially estopped from maintaining this case after disavowing its existence during her bankruptcy.**

In addition to lacking legal capacity to sue, Ms. Calixto is also judicially estopped from

pursuing this lawsuit. In the context of a plaintiff's failure to disclose an asset during bankruptcy,

CASE NO. CACE-22-009588

judicial estoppel under Florida law requires a three-part showing by the movant: (1) the non-movant's initial position is inconsistent with her current position, (2) the non-movant successfully asserted the first position, and (3) fairness or policy considerations require the application of judicial estoppel. *See Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1067 (Fla. 2001); *Stettner v. Richardson*, 143 So. 3d 987, 991 (Fla. 3d DCA 2014).  Each factor is present in this case, thereby rendering Ms. Calixto judicially estopped from maintaining this cause of action.

      *1.*      *Ms. Calixto's non-disclosure is inconsistent with bringing this cause of action.*

The first judicial estoppel factor is the existence of inconsistent statements by the plaintiff. A debtor's "omission of the personal injury claim from [a debtor's] mandatory bankruptcy filings is **tantamount** to a representation that no such claim existed." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004). As a result, "it is well-established that a failure to identify a claim as an asset in a bankruptcy proceeding is a prior inconsistent position that may serve as the basis for the application of judicial estoppel, barring the debtor from pursuing the claim in a later proceeding." *Guay v. Burack*, 677 F.3d 10, 17 (1st Cir. 2012).  This rule arises from the facts that (1) a debtor requesting relief under Chapter 13 has a clear and unwavering obligation to disclose all interests in potential assets, 11 U.S.C. §§ 521, 541, and 1306; and (2) a Chapter 13 debtor is required to disclose any cause of action that arises after filing for bankruptcy, *D'Antignac*, 604 F. App'x at 878; *Ajaka*, 453 F.3d at 1344.

In this case, there is no dispute that Ms. Calixto failed to disclose the instant claim during her bankruptcy despite having a duty to do so, and while simultaneously accepting the benefits and protections of the bankruptcy court.  According to her own Complaint, Ms. Calixto's alleged injury occurred during the pendency of her bankruptcy on March 17, 2021, and therefore, required

EXHIBIT B

full and timely disclosure before her bankruptcy case was closed on September 28, 2022.  Ms. Calixto's failure to disclose this claim to the bankruptcy court, trustee, and her creditors constituted a representation that she had no interest in this claim. Ms. Calixto's assertion that she has any such interest (by bringing this lawsuit) is irreconcilably inconsistent with her representations to the bankruptcy court.  The first judicial estoppel factor is thus satisfied. *See In re Superior Crewboats, Inc.*, 374 F.3d at 335 ("[T]he [debtors'] omission of the personal injury claim from their mandatory bankruptcy filings is tantamount to a representation that no such claim existed. Now, however, the [debtors] contend, before the state court and in the limitation proceeding, that the personal injury claim is viable and worth $2.5 million. Such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry.").

### 2.     *Ms. Calixto successfully maintained her initial position.*

The second judicial estoppel factor is that the earlier court must have accepted the inconsistent representation. By receiving a discharge, Ms. Calixto successfully induced the bankruptcy court to accept her representation that she had no interest in any potential civil action, including this case.  "A bankruptcy court 'accepts' a position taken in the form of omissions from bankruptcy schedules when it grants the debtor relief, such as discharge, on the basis of those filings."  *Guay*, 677 F.3d at 18; *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) ("a discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel").  Acceptance in the context of bankruptcy merely requires that the bankruptcy court relied upon the non-disclosure by discharging the debtor's outstanding debts.  *See Perry v. Blum*, 629 F.3d 1, 11 (1st Cir. 2010).

CASE NO. CACE-22-009588

Here, in reliance on Ms. Calixto's inaccurate schedules, on June 1, 2022, the bankruptcy court granted Ms. Calixto a discharge.   Thus, Ms. Calixto successfully maintained her non-disclosure when she received a discharge of her considerable debts without the bankruptcy court administering this asset.  The second judicial estoppel factor is thus satisfied.

3.    *Special fairness or policy considerations require the application of judicial estoppel.*

The final judicial estoppel factor is that fairness or policy considerations require the application of judicial estoppel, despite the fact that Gulfstream was not a party to Ms. Calixto's prior bankruptcy.  Florida courts ordinarily prefer the party asserting judicial estoppel to have also been a party to the prior proceeding where the first statement was made. *Blumberg*, 790 So. at 1067.  However, the Florida Supreme Court has held that this preference is waived when special fairness or policy considerations justify the application of judicial estoppel. *Id.* Consistent with the Florida Supreme Court's ruling, lower Florida courts have specifically applied judicial estoppel to bar plaintiff-debtors from pursuing undisclosed causes of action without requiring mutuality of the parties in the prior bankruptcy. *Gustafson v. Solicore, Inc.*, No. 03-ca-001227, 2006 WL 4547668 (Fla. Cir. Ct. Nov. 27, 2006); *Kellogg v. Fowler*, No. CL 00-1849 AJ, 2003 WL 25829006 (Fla. Cir. Ct. Nov. 6, 2003). This case should compel the same result.

At the outset, it is important to note that Florida's judicial estoppel doctrine applies to *all* types of litigation, not just cases involving a prior bankruptcy. Florida courts recognize this broad application requires equally broad flexibility, not dogmatic adherence to precise "elements." *See id.* To this point, the U.S. Supreme Court has noted "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of

EXHIBIT B

principle." *New Hampshire*, 532 U.S. at 750. Instead, "courts have uniformly recognized that its purpose is to protect the integrity of the judicial process, by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* at 749-50 (internal quotation marks and citation omitted); *see also Ajaka*, 453 F.3d at 1344 ("Judicial estoppel is intended to be a flexible rule in which courts must take into account all of the circumstances of each case in making our determination.") (internal quotation marks omitted). When the circumstances of a case justify the application of judicial estoppel, the flexibility of the doctrine permits a trial court to apply the doctrine even if every factor is not strictly satisfied. *See In re Palm Beach Finance Partners, L.P.*, 527 B.R. 518, 525 (S.D. Fla. 2015) (applying judicial estoppel after concluding facts of case justified estoppel even though federal element of statement made "under oath" was not satisfied.).

There also can be no real debate that judicial estoppel is a widely accepted defense to plaintiff-debtors who have failed to disclose causes of action during bankruptcy but who then seek to litigate those same cases. Nearly every state and federal jurisdiction recognizes that judicial estoppel is correctly applied to bar debtors from pursuing causes of action they failed to disclose in bankruptcy.[3] Judicial estoppel is universally used in each of these jurisdictions despite the fact that the defendant asserting judicial estoppel was seldom, if ever, a party to the prior bankruptcy.

---

[3] *See, e.g., Robinson v. Tyson Foods, Inc.*, 595 F.3d 269 (11th Cir. 2010) (applying judicial estoppel to bar debtor from pursuing undisclosed cause of action); *Guay v. Burack*, 677 F.3d 10 (1st Cir. 2012); *In re Adelphia Recovery Trust,* 634 F.3d 678 (2d Cir. 2011); *J.H. Group, LLC v. Royal Rolling Chairs, LLC*, 523 F.Appx. 922 (3d Cir. 2013); *In re Jackson*, 574 F.Appx 317 (5th Cir. 2014); *Kimberlin v. Dollar Gen. Corp.*, 520 Fed. Appx. 312 (6th Cir. 2013); *Kimble v. Donahoe*, 511 Fed. Appx. 573 (7th Cir. 2013); *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012); *Smith v. United Parcel Service*, 578 F.App'x 755 (10th Cir. 2014); *Moses v. Howard Univ. Hosp.*, 606 F.3d 789 (D.C. Cir. 2010); *Luna v. Domain Bank of Middle Tennessee*, 631 So. 2d 917

CASE NO. CACE-22-009588

The lack of a strict mutuality requirement also makes perfect sense given the procedural context of virtually all of these types of case. The only way a defendant would likely be a party to the bankruptcy at the time of the non-disclosure (*i.e.,* at the time the bankruptcy is filed) is where the defendant also happened to be a creditor of the plaintiff. In all other cases—which likely consist of the overwhelming majority of bankruptcies—there would *never* be mutuality of the parties. Unless fairness or policy considerations apply, judicial estoppel would never prevent plaintiff-debtors from bringing causes of action not disclosed in a prior bankruptcy, even if the plaintiff-debtor admits the non-disclosure was fraudulent. This is not, and cannot be, the law in Florida. As nearly all other jurisdictions recognize, a rule that renders judicial estoppel toothless in the overwhelming majority of cases involving bankruptcies would serve no jurisprudential purpose.

Here, fairness and policy considerations require the application of judicial estoppel. As stated above, Ms. Calixto voluntarily accepted the benefits of bankruptcy, including the imposition of the automatic stay against her creditors and discharge of her debts. At the same time, Ms. Calixto breached her affirmative duty to fully and honestly disclose her assets so that the trustee and her

---

(Al. 2007) (Alabama); *Int'l Engine Parts, Inc. v. Feddersen & Co.*, 64 Cal. App. 4th 345 (Cal. Ct. App. 1998) (California); *Solicore*, No 03-ca-001227 (Fla. Cir. Ct. Nov. 27, 2006) (applying judicial estoppel and not requiring mutuality of parties); *Cochran v. Emory Univ.*, 555 S.E.2d 96, 99 (Ga. Ct. App. 2001) (Georgia); *McCallister v. Dixon*, 303 P.3d 578 (Id. 2013) (Idaho); *Berge v. Mader*, 957 N.E.2d 968 (Ill. Ct. App. 2011) (Illinois); *Spohn v. Van Dyke Pub. Sch*., 822 N.W.2d 239 (Mich. 2012) (Michigan); *Kirk v. Pope*, 973 So. 2d 981 (Miss. 2007) (Mississippi); *Strable v. Union Pac. R. Co.*, 396 S.W.3d 417 (Mo. App. 2013) (Missouri); *Cleasby v. Sec. Fed. Sav. Bank*, 794 P.2d 697 (Mont. 1990) (Montana); *Pack v. Ryan*, 238 P.3d 844 (Nev. 2008) (Nevada); *Cafferty v. Thompson*, 644 N.Y.S.2d 584 (N.Y. Ct. App. 1996) (New York); *Greer-Burger v. Temesi*, 879 N.E.2d 174 (Ohio 2007) (Ohio); *Something More, LLC v. Weatherford News, Inc.*, 310 P.3d 1106 (Okla. 2013) (Oklahoma); *Glover v. Bank of New York*, 147 P.3d 336, 343 (Or. 2006) (Oregon); *Cricket Commc'ns, Inc. v. Trillium Indus., Inc.*, 235 S.W.3d 298 (Tex. Ct. App. 2007) (Texas); *Cunningham v. Reliable Concrete Pumping, Inc.*, 108 P.3d 147 (Wash. Ct. App. 2005) (Washington); *Zwemer v. Prod. Credit Ass'n of Midlands*, 792 P.2d 245 (Wyo. 1990) (Wyoming).

- 13 -

EXHIBIT B

creditors could fairly evaluate her assets and liabilities. Ms. Calixto's concealment robbed the bankruptcy court, trustee, and her creditors of the opportunity to consider whether her Chapter 13 plan should be modified given this claim.

The fact that Gulfstream was not a party to Ms. Calixto's bankruptcy during these misrepresentations does not lessen the impairment to the integrity of the bankruptcy court that would result from allowing Ms. Calixto to benefit from her decision to hide this claim from her creditors. Moreover, because the doctrine of judicial estoppel is intended to protect the integrity of the courts, not individual litigants, the fact that Gulfstream was not a party to the prior bankruptcy does not alter the equitable considerations justifying judicial estoppel. As the Third Circuit noted in *Ryan Operations GP v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 360-61 (3d Cir. 1996):

> There are many instances in which the assertion of inconsistent positions can work to the advantage of a party but where there is no identity or relationship between those against whom the claim (or defense) is asserted. Where the contentions are mutually exclusive, it is irrelevant that they are asserted against diverse parties for the purposes of determining judicial estoppel. The integrity of the court is affronted by the inconsistency notwithstanding the lack of identity of those against whom it is asserted. The defendants in this case thus were not barred from seeking judicial estoppel by the fact that they were not parties to [the plaintiff's] bankruptcy proceeding.

These facts constitute fairness or policy considerations necessary to impose judicial estoppel. The final judicial estoppel factor is thus met.

Accordingly, all judicial estoppel factors are established, and Ms. Calixto is judicially estopped from maintaining the instant cause of action after disavowing its existence to the bankruptcy court, trustee, and her numerous creditors. Consequently, final summary judgment should be entered.

EXHIBIT B

CASE NO. CACE-22-009588

**<u>CONCLUSION</u>**

WHEREFORE, Defendant, Gulfstream Park Racing Association, Inc., respectfully prays that this Honorable Court enter an Order granting its Motion for Final Summary Judgment, along with such other and further relief as this Honorable Court deems just and proper under the circumstances.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: William C. Ruggiero, Esquire, ruggiero@wcrlaw.com; on this 19th day of October, 2022.

<div style="margin-left:40%">

*/s/ Jason A. Glusman*
Jason A. Glusman, Esquire
Florida Bar No. 0419400
Jonathon S. Miller, Esquire
Florida Bar No. 659398
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Gulfstream Park Racing Association, Inc.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com

</div>

- 15 -

<span style="color:red">EXHIBIT B</span>

CASE NO. CACE-22-009588

EXHIBIT B

# EXHIBIT "A"

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF FLORIDA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this an amended filing

# Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy
**12/15**

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | **Victoria** First name _____ Middle name **Calixto** Last name and Suffix (Sr., Jr., II, III) | First name _____ Middle name _____ Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** Include your married or maiden names. | **Victoria R. Calixto** | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-5976** | |

EXHIBIT B



ORDERED in the Southern District of Florida on July 5, 2018.

Raymond B. Ray, Judge
United States Bankruptcy Court

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO.: 17-18317-BKC-RBR
PROCEEDING UNDER CHAPTER 13

IN RE:

VICTORIA CALIXTO
XXX-XX-5976

DEBTOR_____/

### AMENDED
### ORDER CONFIRMING CHAPTER 13 PLAN
### (Amended to correct Confirmation Hearing date to 4/12/2018)

**THIS CAUSE** came before the Court on April 12, 2018 for confirmation of the Debtor's proposed Third Amended Chapter 13 Plan pursuant to Local Rule 3015-3(B)(2). Based upon the record, including the Debtor's "Certificate of Compliance and Request for Confirmation of Chapter 13 Plan," it is

**ORDERED:**

1. The Debtor's Chapter 13 Plan ("Plan") meets with the provisions of 11 U.S.C. Section 1325 and, if applicable, Section 521 and 1308, and is, therefore, confirmed in accordance with its terms.

EXHIBIT B

2. Any claim entitled to priority under 11 U.S.C. Section 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. Section 1322(a)(2), with postpetition interest as required by 11 U.S.C. Section 506(b) payable on the secured portion of the claim.

3. The Debtor's first monthly payment to the Trustee under the Plan was required to commence not later than 30 days following June 30, 2017, the date the petition was filed, or within 30 days from the date of conversion to Chapter 13. The Trustee shall begin disbursement to creditors pursuant to the Plan as soon as practicable upon entry of this Order.

4. If the Plan does not provide for payments to a secured creditor, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the Debtor which secures the creditor's claim.

5. Any executory contract or unexpired lease of the Debtor which has not been assumed pursuant to court order prior to entry of this order, is deemed rejected upon entry of this order.

6. If the confirmed plan in this case provides for payment to holder(s) of tax certificates on property of the Debtor, the following provisions shall apply:

   A. To ensure that the records of the County Tax Collector credit amounts received by certificate holders, upon receipt of information pursuant to subparagraph B below, the Tax Collector is ordered to adjust the County tax records and reduce both the amount owed on tax certificates and the amount of the tax lien to reflect payments made by the Chapter 13 Trustee to certificate holders under the confirmed plan.

   B. The Tax Collector shall be served with any order entered post-confirmation which (a) dismisses or converts the case; (b) grants stay relief to the holder of a secured claim on the property subject to the tax certificates; (c) approves a sale or refinancing of the property subject to the tax certificates; (d) modifies the plan to eliminate further payments to one or more certificate holders; or (e) discharges the Debtor upon completion of the plan. Upon receipt of any such order, the Tax Collector shall request a ledger from the Trustee reflecting the amounts paid to certificate holders under the confirmed plan, or obtain the ledger information by accessing the Trustee's website.

   C. During the period in which the certificate holders are receiving payments under the confirmed plan, unless otherwise ordered, the Tax Collector is enjoined from accepting a redemption payment for any certificate which is included in the plan. This injunction will dissolve without further order of the court if (a) one of the orders described in subparagraph B is entered; and (b) the County has complied with the requirements in subparagraph A by reducing both the amount owed on any certificate paid or partially paid under the plan and the amount of the tax lien by the amount paid to the certificate holder as reflected in the Trustee's ledger.

EXHIBIT B

7.  Pursuant to Local Rule 3070-1(C)(2), if the Debtor fails to timely make any Plan payment to the Trustee, the Trustee may serve a "Notice of Delinquency" upon the Debtor and the Debtor's attorney. The Debtor shall have 45 days from the date of the "Notice of Delinquency" to make all payments due under the Plan, including any payments that become due within the 45-day period.  If the Debtor is seeking to cure the delinquency in a modified plan the Debtor must file a Motion to Modify the confirmed plan within 15 days of the date of the "Notice of Delinquency."  If the Debtor is not current with plan payments on the 45th day after the date of the "Notice of Delinquency," the Trustee shall file and serve a report of non-compliance and the case will be dismissed without further notice or hearing.  Dismissal shall be with prejudice to the Debtor filing any bankruptcy case in any federal bankruptcy court in the United States for a period of 180 days from entry of the order of dismissal. The Court will not extend these deadlines absent extraordinary circumstances.

8.  To the extent the Plan sought a determination of valuation pursuant to Bankruptcy Rule 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed Proof of Claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

<div align="center">###</div>

**ORDER SUBMITTED BY:**

ROBIN R. WEINER, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 559007
FORT LAUDERDALE, FL 33355-9007
954-382-2001

**COPIES FURNISHED TO:**

**DEBTOR**
VICTORIA CALIXTO
124 NW 2ND AVE APT A
HALLANDALE, FL  33009

**ATTORNEY FOR DEBTOR**
HECTOR HERNANDEZ, ESQUIRE
6262 SW 40TH STREET
SUITE 3-H
MIAMI, FL  33155

**ROBIN R. WEINER** IS DIRECTED TO SERVE COPIES OF THIS ORDER UPON THE PARTIES LISTED AND FILE A CERTIFICATE OF SERVICE.

<div align="center">EXHIBIT B</div>

Debtor 1    **Victoria Calixto**                                    Case number *(if known)*

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years  Include trade names and *doing business as* names | ■ I have not used any business name or EINs.  Business name(s)  EINs | ☐ I have not used any business name or EINs.  Business name(s)  EINs |
| **5.** Where you live | **124 NW 2nd Ave APT A**  **Hallandale, FL 33009**  Number, Street, City, State & ZIP Code  **Broward**  County  **If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.  Number, P.O. Box, Street, City, State & ZIP Code | If Debtor 2 lives at a different address:  Number, Street, City, State & ZIP Code  County  **If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.  Number, P.O. Box, Street, City, State & ZIP Code |
| **6.** Why you are choosing *this district* to file for bankruptcy | *Check one:*  ■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.  ☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) | *Check one:*  ☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.  ☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) |

EXHIBIT B

Debtor 1 **Victoria Calixto**                                       Case number *(if known)* _____

---

| Part 2: | Tell the Court About Your Bankruptcy Case |

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

---

**8.** **How you will pay the fee**

■ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.** **Have you filed for bankruptcy within the last 8 years?**

☐ No.

■ Yes.

| | District | **Southern District of Florida** | When | **4/30/15** | Case number | **15-17885** |
| | District | **Southern District of Florida** | When | **2/11/15** | Case number | **15-12589** |
| | District | **Southern District of Florida** | When | **10/28/11** | Case number | **11-29824** |

---

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| Debtor | _____ | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

---

**11.** **Do you rent your residence?**

■ No.     Go to line 12.

☐ Yes.     Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

EXHIBIT B

Debtor 1    **Victoria Calixto**                                    Case number *(if known)*

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ **No.**    Go to Part 4.

☐ **Yes.**    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ **No.**    I am not filing under Chapter 11.

☐ **No.**    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ **Yes.**    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ **No.**

☐ **Yes.**    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

_____
Number, Street, City, State & Zip Code

---

**Voluntary Petition for Individuals Filing for Bankruptcy**

EXHIBIT B

Debtor 1    **Victoria Calixto**                                                    Case number *(if known)*

## Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

| **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|
| *You must check one:* | *You must check one:* |
| ■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency. | ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency. |
| ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any. | ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any. |
| ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days. | ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days. |
| ☐ **I am not required to receive a briefing about credit counseling because of:** | ☐ **I am not required to receive a briefing about credit counseling because of:** |
| ☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances. | ☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances. |
| ☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so. | ☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so. |
| ☐ **Active duty.**<br>I am currently on active military duty in a military combat zone. | ☐ **Active duty.**<br>I am currently on active military duty in a military combat zone. |
| If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court. | If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

EXHIBIT B

| Debtor 1 | Victoria Calixto | Case number *(if known)* |
|---|---|---|

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **What kind of debts do you have? Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

**17. Are you filing under Chapter 7?**

■ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Victoria Calixto

| Victoria Calixto | Signature of Debtor 2 |
|---|---|
| Signature of Debtor 1 | |

Executed on __June 30, 2017__     Executed on _____

MM / DD / YYYY                  MM / DD / YYYY

EXHIBIT B

Debtor 1  **Victoria Calixto**                                      Case number *(if known)* _____

| | |
|---|---|
| **For your attorney, if you are represented by one**<br><br>**If you are not represented by an attorney, you do not need to file this page.** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |

**/s/ Hector Hernandez, Esq.**                    Date    **June 30, 2017**
Signature of Attorney for Debtor                            MM / DD / YYYY

**Hector Hernandez, Esq.**
Printed name

**Hector Hernandez & Associates, PA**
Firm name

**6262 S.W. 40th Street, suite 3H**
**Miami, FL 33155**
Number, Street, City, State & ZIP Code

Contact phone  **305-406-3424**                 Email address    _____

**801771**
Bar number & State

EXHIBIT B

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Victoria Calixto** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information       12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

|  |  | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B................................................ | $ 0.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B..................................... | $ 950.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B.............................................. | $ 950.00 |

### Part 2:   Summarize Your Liabilities

|  |  | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D...* | $ 0.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $ 2,600.00 |
| | 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*.......................... | $ 13,129.00 |
| | **Your total liabilities** | $ 15,729.00 |

### Part 3:   Summarize Your Income and Expenses

|  |  | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*............................................................. | $ 4,010.50 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*........................................................... | $ 3,680.50 |

### Part 4:   Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum          Summary of Your Assets and Liabilities and Certain Statistical Information                    page 1 of 2

EXHIBIT B

Debtor 1 **Victoria Calixto**                                    Case number *(if known)*

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.                    $            4,010.51

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $            0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $         2,600.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $            0.00 |
| 9d. Student loans. (Copy line 6f.) | $            0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $            0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$            0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $         2,600.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT B

**Fill in this information to identify your case and this filing:**

| Debtor 1 | Victoria Calixto | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF FLORIDA

Case number _____

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.  **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☑ No. Go to Part 2.
☐ Yes.  Where is the property?

**Part 2:**  Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☑ No
☐ Yes

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
    *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..........................................................=>

| | |
|---|---|
| | **$0.00** |

**Part 3:**  Describe Your Personal and  Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
☑ Yes.  Describe.....

| 2 Beds and small dressers; television; computer; table and chairs; sofa and chairs; Assorted household goods. | $650.00 |
|---|---|

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No

Official Form 106A/B                   Schedule A/B: Property                                              page 1

EXHIBIT B

| Debtor 1 | **Victoria Calixto** | Case number *(if known)* |
|---|---|---|

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☐ No
■ Yes. Describe.....

| Debtor's assorted books and cd's | $50.00 |
|---|---|

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
■ Yes. Describe.....

| Debtor's used clothing. | $100.00 |
|---|---|

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
■ Yes. Describe.....

| Debtor's custome jewerly | $50.00 |
|---|---|

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No
☐ Yes. Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ........................................................

| $850.00 |
|---|

| **Part 4:** | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
■ Yes.................................................................................................

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

EXHIBIT B

Debtor 1    **Victoria Calixto**                                    Case number *(if known)*

|  |  |
|---|---|
| **Cash on hand for Debtor's personal use** | **$30.00** |

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes........................        Institution name:

| 17.1. | **Checking** | **Bank of America account # 7516.** | **$70.00** |
|---|---|---|---|

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes.................        Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes.  Give specific information about them...................
                 Name of entity:                                   % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
                 Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ■ No
    ☐ Yes. List each account separately.
                 Type of account:              Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. ....................        Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes............        Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

**EXHIBIT B**

| Debtor 1 | **Victoria Calixto** | | Case number *(if known)* |
|---|---|---|---|

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

    _____

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
    Company name:                          Beneficiary:                          Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes.  Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................................

| **$100.00** |
|---|

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

EXHIBIT B

| Debtor 1 | **Victoria Calixto** | | Case number *(if known)* | |

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |

If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes. Go to line 47.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

53. **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ..................................... | **$0.00**

| **Part 8:** | **List the Totals of Each Part of this Form** |

| 55. **Part 1: Total real estate, line 2** ........................................................................ | | **$0.00** |
| 56. **Part 2: Total vehicles, line 5** | **$0.00** | |
| 57. **Part 3: Total personal and household items, line 15** | **$850.00** | |
| 58. **Part 4: Total financial assets, line 36** | **$100.00** | |
| 59. **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. **Part 7: Total other property not listed, line 54** | + **$0.00** | |
| 62. **Total personal property. Add lines 56 through 61...** | **$950.00** | Copy personal property total ▸ **$950.00** |
| 63. **Total of all property on Schedule A/B. Add line 55 + line 62** | | **$950.00** |

EXHIBIT B

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Victoria Calixto** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **2 Beds and small dressers; television; computer; table and chairs; sofa and chairs; Assorted household goods.**<br>Line from *Schedule A/B*: **6.1** | $650.00 | ☑ $650.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla. Const. art. X, § 4(a)(2) |
| **Debtor's assorted books and cd's**<br>Line from *Schedule A/B*: **8.1** | $50.00 | ☑ $50.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla. Const. art. X, § 4(a)(2) |
| **Debtor's used clothing.**<br>Line from *Schedule A/B*: **11.1** | $100.00 | ☑ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla. Const. art. X, § 4(a)(2) |
| **Debtor's custome jewerly**<br>Line from *Schedule A/B*: **12.1** | $50.00 | ☑ $50.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla. Const. art. X, § 4(a)(2) |
| **Cash on hand for Debtor's personal use**<br>Line from *Schedule A/B*: **16.1** | $30.00 | ☑ $30.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Fla. Const. art. X, § 4(a)(2) |

EXHIBIT B

Debtor 1 **Victoria Calixto**

Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **Checking: Bank of America account # 7516.**<br>Line from *Schedule A/B*: **17.1** | $70.00 | ■ $70.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. art. X, § 4(a)(2)** |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

EXHIBIT B

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Victoria Calixto** |
| | First Name               Middle Name           Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name               Middle Name           Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☑ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☐ Yes. Fill in all of the information below.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

EXHIBIT B

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Victoria Calixto** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List All of Your PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims against you?**

   ☐ No. Go to Part 2.

   ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|---|
| 2.1 | **Internal Revenue Service** | Last 4 digits of account number | **Unknown** | $2,600.00 | $0.00 | $2,600.00 |
| | Priority Creditor's Name | | | | | |
| | **Special Procedures-Insolvency** | When was the debt incurred? | 2015 | | | |
| | **7850 SW 6th Court** | | | | | |
| | **Stop 5730** | | | | | |
| | **Plantation, FL 33324** | | | | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | | | | |

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify    **2015 Income Taxes**

| Part 2: | List All of Your NONPRIORITY Unsecured Claims |
|---|---|

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          39838          Best Case Bankruptcy

**EXHIBIT B**

Debtor 1  **Victoria Calixto**                                    Case number (if know) _____

| 4.1 | **Amex** | Last 4 digits of account number | **7713** | **$0.00** |

**Amex**
Nonpriority Creditor's Name
**Correspondence**
**Po Box 981540**
**El Paso, TX 79998**
Number Street City State Zip Code

Last 4 digits of account number    **7713**    **$0.00**

When was the debt incurred?    **Opened 05/06  Last Active 02/10**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

| 4.2 | **Amex** | Last 4 digits of account number | **6543** | **$0.00** |

**Amex**
Nonpriority Creditor's Name
**Correspondence**
**Po Box 981540**
**El Paso, TX 79998**
Number Street City State Zip Code

Last 4 digits of account number    **6543**    **$0.00**

When was the debt incurred?    **Opened  9/20/90  Last Active 2/20/12**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

| 4.3 | **Amex** | Last 4 digits of account number | **3503** | **$0.00** |

**Amex**
Nonpriority Creditor's Name
**Correspondence**
**Po Box 981540**
**El Paso, TX 79998**
Number Street City State Zip Code

Last 4 digits of account number    **3503**    **$0.00**

When was the debt incurred?    **Opened 11/04/11  Last Active 2/20/12**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

EXHIBIT B

Debtor 1  **Victoria Calixto**                                    Case number (if know) _____

| 4.4 | **Barclays Bank Delaware** | Last 4 digits of account number | **6264** | **$2,450.00** |

Nonpriority Creditor's Name

**100 S West St**
**Wilmington, DE 19801**

When was the debt incurred?     **Opened 12/05/12  Last Active 12/24/14**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check that apply

■ Debtor 1 only
☐ Debtor 2 only                           ☐ Contingent
☐ Debtor 1 and Debtor 2 only              ☐ Unliquidated
☐ At least one of the debtors and another ☐ Disputed
☐ **Check if this claim is for a  community debt**

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Credit Card**

| 4.5 | **Calvary Portfolio Services** | Last 4 digits of account number | **5046** | **$1,163.00** |

Nonpriority Creditor's Name

**500 Summit Lake Ste 400**
**Valhalla, NY 10595**

When was the debt incurred?     **Opened 06/15**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only                           ☐ Contingent
☐ Debtor 1 and Debtor 2 only              ☐ Unliquidated
☐ At least one of the debtors and another ☐ Disputed
☐ **Check if this claim is for a  community debt**

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Collection Attorney Capital One**

| 4.6 | **Capital One** | Last 4 digits of account number | **3543** | **$1,145.00** |

Nonpriority Creditor's Name

**PO Box 71083**
**Charlotte, NC 28272**

When was the debt incurred?

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only                           ☐ Contingent
☐ Debtor 1 and Debtor 2 only              ☐ Unliquidated
☐ At least one of the debtors and another ☐ Disputed
☐ **Check if this claim is for a  community debt**

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Credit Card**

**EXHIBIT B**

Debtor 1  **Victoria Calixto**                                    Case number *(if know)* _____

| 4.7 | **Ccs/bryant State Bank** | Last 4 digits of account number | **3025** | **$455.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 215**
**Bryant, SD 57221**

Number Street City State Zip Code

When was the debt incurred?   **Opened 09/14  Last Active 12/04/14**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                           ☐ Contingent
☐ Debtor 2 only                           ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only              ☐ Disputed
☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**        ☐ Student loans

**Is the claim subject to offset?**        ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No                                      ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                     ■ Other. Specify  **Credit Card**

---

| 4.8 | **Citibank/The Home Depot** | Last 4 digits of account number | **8423** | **$0.00** |

Nonpriority Creditor's Name
**Citicorp Cr Srvs/Centralized Bankruptcy**
**Po Box 790040**
**S Louis, MO 63129**

Number Street City State Zip Code

When was the debt incurred?   **Opened  9/12/05  Last Active 4/03/09**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                           ☐ Contingent
☐ Debtor 2 only                           ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only              ☐ Disputed
☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**        ☐ Student loans

**Is the claim subject to offset?**        ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No                                      ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                     ■ Other. Specify  **Charge Account**

---

| 4.9 | **Citibank/The Home Depot** | Last 4 digits of account number | **3972** | **$0.00** |

Nonpriority Creditor's Name
**Citicorp Cr Srvs/Centralized Bankruptcy**
**Po Box 790040**
**S Louis, MO 63129**

Number Street City State Zip Code

When was the debt incurred?   **Opened 11/30/12  Last Active 2/16/14**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only                           ☐ Contingent
☐ Debtor 2 only                           ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only              ☐ Disputed
☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**        ☐ Student loans

**Is the claim subject to offset?**        ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No                                      ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                     ■ Other. Specify  **Charge Account**

---

**EXHIBIT B**

Debtor 1  **Victoria Calixto**                                                                Case number *(if know)*

---

| 4.10 | **Comenity Bank/Victoria Secret** | Last 4 digits of account number | **6895** | **$1,100.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 182125**
**Columbus, OH 43218**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

When was the debt incurred?  **Opened 03/16  Last Active 6/05/17**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Charge Account**

---

| 4.11 | **Credit Collection Services** | Last 4 digits of account number | **Unknown** | **$399.00** |

Nonpriority Creditor's Name
**Two Wells Avenue**
**Newton Center, MA 02459**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

When was the debt incurred?

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Collection Debt**

---

| 4.12 | **Credit One Bank Na** | Last 4 digits of account number | **3037** | **$1,062.00** |

Nonpriority Creditor's Name
**Po Box 98873**
**Las Vegas, NV 89193**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

When was the debt incurred?  **Opened 10/20/11  Last Active 11/19/13**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

**EXHIBIT B**

Debtor 1  **Victoria Calixto**

Case number (if know) _____

---

| 4.1 3 | |
|---|---|

**Credit One Bank Na**

Nonpriority Creditor's Name

**Po Box 98873**
**Las Vegas, NV 89193**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number  **3625**            **$1,675.00**

**When was the debt incurred?**  **Opened  8/31/14  Last Active 12/29/14**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

| 4.1 4 | |
|---|---|

**Edu Finance**

Nonpriority Creditor's Name

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number  **9761**            **Unknown**

**When was the debt incurred?**  **Opened  1/16/08**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify

**Educational**

---

| 4.1 5 | |
|---|---|

**ER Solutions**

Nonpriority Creditor's Name

**P.O Box 9004**
**Renton, WA 98057**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number  **Unknown**            **$170.00**

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Charge Account**

---

**EXHIBIT B**

Debtor 1    **Victoria Calixto**                                    Case number (if know) _____

---

| 4.1 6 | **First National Bank** | Last 4 digits of account number | **1040** | **$0.00** |

Nonpriority Creditor's Name
**Attn:  FNN Legal Dept**
**1620 Dodge St Mailstop Code 3290**
**Omaha, NE 68191**
Number Street City State Zip Code

**When was the debt incurred?**    **Opened  9/01/12  Last Active 11/14/13**

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

| 4.1 7 | **First National Bank** | Last 4 digits of account number | **9494** | **$0.00** |

Nonpriority Creditor's Name
**Attn:  FNN Legal Dept**
**1620 Dodge St Mailstop Code 3290**
**Omaha, NE 68191**
Number Street City State Zip Code

**When was the debt incurred?**    **Opened 10/01/12  Last Active 12/02/13**

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

| 4.1 8 | **First National Credit Card/Legacy** | Last 4 digits of account number | **2516** | **$873.00** |

Nonpriority Creditor's Name
**First National Credit Card**
**Po Box 5097**
**Sioux Falls, SD 51117**
Number Street City State Zip Code

**When was the debt incurred?**    **Opened 03/13  Last Active 10/27/14**

**Who incurred the debt?** Check one.

**As of the date you file, the claim is:** Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Credit Card**

---

**EXHIBIT B**

Debtor 1  **Victoria Calixto**                                                        Case number (*if know*) _____

| | |
|---|---|
| 4.1 9 | **First Savings Credit Card** |

Nonpriority Creditor's Name

**Po Box 5019**
**Sioux Falls, SD 57117**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number   **1538**                    **$855.00**

When was the debt incurred?   **Opened 07/13  Last Active 10/23/14**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| | |
|---|---|
| 4.2 0 | **First Svgs Bk-blaze** |

Nonpriority Creditor's Name

**Po Box 5096**
**Sioux Falls, SD 57117**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number   **0251**                    **$436.00**

When was the debt incurred?   **Opened 09/14  Last Active 12/11/14**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| | |
|---|---|
| 4.2 1 | **Flagstar Bank** |

Nonpriority Creditor's Name

**Attention: Bankruptcy Department**
**5151 Corporate Dr**
**Troy, MI 48098**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number   **8315**                    **Unknown**

When was the debt incurred?   **Opened 03/07  Last Active 12/16/10**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Real Estate Mortgage**

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

**EXHIBIT B**

Debtor 1 **Victoria Calixto**                          Case number (if know) _____

| 4.2 2 | **Homeward Residential** | | Last 4 digits of account number | **7350** | | $0.00 |

Nonpriority Creditor's Name

**1525 S Beltline**
**Coppell, TX 75019**

When was the debt incurred? **Opened 06/05  Last Active 4/14/08**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
☐ Yes

■ Other. Specify  **Real Estate Mortgage**

---

| 4.2 3 | **Hyundai Motor Finance** | | Last 4 digits of account number | **2018** | | $0.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 20809**
**Fountain City, CA 92728**

When was the debt incurred? **Opened 02/12  Last Active 5/28/13**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
☐ Yes

■ Other. Specify  **Lease**

---

| 4.2 4 | **Hyundai Motor Finance** | | Last 4 digits of account number | **3884** | | $0.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 20809**
**Fountain City, CA 92728**

When was the debt incurred? **Opened 03/14  Last Active 7/08/16**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

**Is the claim subject to offset?**

■ No
☐ Yes

■ Other. Specify  **Lease**

---

**EXHIBIT B**

Debtor 1   **Victoria Calixto**                                                                     Case number (if know) _____

| 4.2 5 | **Hyundai Motor Finance** | Last 4 digits of account number | **6987** | **$0.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 20809**
**Fountain City, CA 92728**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
Is the claim subject to offset?
■ No
☐ Yes

**When was the debt incurred?**   **Opened 05/13  Last Active 4/03/14**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Lease**

---

| 4.2 6 | **Mazda Amer Credit** | Last 4 digits of account number | **7838** | **$0.00** |

Nonpriority Creditor's Name
**Attn: Customer Assistance Center**
**Po Box 19734**
**Irvine, CA 92623**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
Is the claim subject to offset?
■ No
☐ Yes

**When was the debt incurred?**   **Opened 11/07  Last Active 10/27/09**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Lease**

---

| 4.2 7 | **Mercedes-Benz Financial** | Last 4 digits of account number | **9700** | **$0.00** |

Nonpriority Creditor's Name

**Po Box 685**
**Roanole, TX 76262**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
Is the claim subject to offset?
■ No
☐ Yes

**When was the debt incurred?**   **Opened 02/07  Last Active 11/13/09**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Lease**

---

**EXHIBIT B**

Debtor 1  **Victoria Calixto**                                    Case number *(if know)*_____

---

| 4.2 8 | | | |
|---|---|---|---|

**Merrick Bank**
Nonpriority Creditor's Name
**10705 South Jordan Gateway, Suite 200**
**South Jordan, UT 84095**
Number Street City State Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number  **5389**                    $1,346.00

When was the debt incurred? _____

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Credit Card** _____

---

| 4.2 9 | | | |
|---|---|---|---|

**Seterus, Inc.**
Nonpriority Creditor's Name
**Po Box 1047**
**450 American St**
**Hartford, CT 06143**
Number Street City State Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number  **5844**                    $0.00

When was the debt incurred?  **Opened 06/05  Last Active 05/08**

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Real Estate Mortgage** _____

---

| 4.3 0 | | | |
|---|---|---|---|

**SYNCB/BRMart**
Nonpriority Creditor's Name

**Po Box 965064**
**Orlando, FL 32896**
Number Street City State Zip Code

**Who incurred the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number  **5855**                    $0.00

When was the debt incurred?  **Opened 10/30/03  Last Active 2/16/09**

**As of the date you file, the claim is:** Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Charge Account** _____

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |
|---|---|

**5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you**

---

EXHIBIT B

| Debtor 1 | **Victoria Calixto** | Case number (if know) | |

have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

| Name and Address | On which entry in Part 1 or Part 2 did you list the original creditor? |
|---|---|
| **LVNV Funding** | Line **4.13** of (Check one): |
| **PO Box 10497** | ☐ Part 1: Creditors with Priority Unsecured Claims |
| **Greenville, SC 29603** | ■ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number |

---

| Part 4: | Add the Amounts for Each Type of Unsecured Claim |

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 2,600.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 2,600.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 13,129.00 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 13,129.00 |

EXHIBIT B

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Victoria Calixto** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.   **Do you have any executory contracts or unexpired leases?**
☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.   **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1   **Hyundai Motor Finance<br>P.O. Box 660891<br>Dallas, TX 75266** | **2017 Hyundai Santa Fe with 6,000 miles. VIN# 5XYZU4LA5HG430670** |

EXHIBIT B

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Victoria Calixto** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an
   amended filing

Official Form 106H
# Schedule H: Your Codebtors
**12/15**

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor** Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt** Check all schedules that apply: |
|---|---|
| 3.1 _____ Name _____ Number  Street _____ City  State  ZIP Code | ☐ Schedule D, line _____ ☐ Schedule E/F, line _____ ☐ Schedule G, line _____ |
| 3.2 _____ Name _____ Number  Street _____ City  State  ZIP Code | ☐ Schedule D, line _____ ☐ Schedule E/F, line _____ ☐ Schedule G, line _____ |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy


EXHIBIT B

| Fill in this information to identify your case: |
|---|

Debtor 1 __Victoria Calixto__

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF FLORIDA

Case number _____
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                            12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
|---|---|

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | Realtor | Software Engineer |
| Employer's name | United Realty Group | RCA Consulting Inc |
| Employer's address | 16924 NE 19 Ave<br>Miami, FL 33162 | 3300 NE 192nd ST # 1517<br>Miami, FL 33180 |
| How long employed there? | 4 years | 12 years |

| Part 2: | Give Details About Monthly Income |
|---|---|

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ 0.00 | $ 0.00 |

EXHIBIT B

Debtor 1 __Victoria Calixto__     Case number (*if known*) _____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ 0.00 | $ 0.00 |

**5. List all payroll deductions:**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h.+ Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |

**6. Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.  6.  $ 0.00   $ 0.00

**7. Calculate total monthly take-home pay.** Subtract line 6 from line 4.  7.  $ 0.00   $ 0.00

**8. List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.  8a.  $ 637.08   $ 3,373.42

8b. **Interest and dividends**  8b.  $ 0.00   $ 0.00

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.  8c.  $ 0.00   $ 0.00

8d. **Unemployment compensation**  8d.  $ 0.00   $ 0.00

8e. **Social Security**  8e.  $ 0.00   $ 0.00

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____  8f.  $ 0.00   $ 0.00

8g. **Pension or retirement income**  8g.  $ 0.00   $ 0.00

8h. **Other monthly income. Specify:** _____  8h.+  $ 0.00 +  $ 0.00

**9. Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.  9.  $ 637.08   $ 3,373.42

**10. Calculate monthly income.** Add line 7 + line 9.  10.  $ 637.08 + $ 3,373.42 = $ 4,010.50
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

**11. State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____  11.  +$ 0.00

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies  12.  $ 4,010.50

**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain: _____

EXHIBIT B

Fill in this information to identify your case:

Debtor 1     **Victoria Calixto**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF FLORIDA

Case number
(if known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No
       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ■ No

   Do not list Debtor 1 and Debtor 2.    ☐ Yes.   Fill out this information for each dependent..............

   Do not state the dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

## Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | **Your expenses** |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

    4. $       **1,250.00**

    **If not included in line 4:**

    4a.   Real estate taxes     4a. $    **0.00**
    4b.   Property, homeowner's, or renter's insurance     4b. $    **0.00**
    4c.   Home maintenance, repair, and upkeep expenses     4c. $    **0.00**
    4d.   Homeowner's association or condominium dues     4d. $    **0.00**

5. **Additional mortgage payments for your residence,** such as home equity loans     5. $    **0.00**

EXHIBIT B

Debtor 1 **Victoria Calixto**                                    Case number (if known) _____

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | 200.00 |
| | 6b. Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 380.00 |
| | 6d. Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $ | 550.00 |
| 8. | **Childcare and children's education costs** | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | 50.00 |
| 10. | **Personal care products and services** | 10. $ | 80.00 |
| 11. | **Medical and dental expenses** | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. | | |
| | Do not include car payments. | 12. $ | 258.50 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | 100.00 |
| 14. | **Charitable contributions and religious donations** | 14. $ | 0.00 |
| 15. | **Insurance.** | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | 0.00 |
| | 15b. Health insurance | 15b. $ | 0.00 |
| | 15c. Vehicle insurance | 15c. $ | 190.00 |
| | 15d. Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | |
| | Specify: | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | 622.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. Other. Specify: | 17c. $ | 0.00 |
| | 17d. Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 106I).** | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** | $ | 0.00 |
| | Specify: | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a. Mortgages on other property | 20a. $ | 0.00 |
| | 20b. Real estate taxes | 20b. $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | 21. +$ | 0.00 |
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 3,680.50 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 3,680.50 |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 4,010.50 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 3,680.50 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | 330.00 |
| 24. | **Do you expect an increase or decrease in your expenses within the year after you file this form?** | | |

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.    Explain here: _____

**EXHIBIT B**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Victoria Calixto** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

Official Form 106Dec
# Declaration About an Individual Debtor's Schedules
12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

| X **/s/ Victoria Calixto** | X |
|---|---|
| **Victoria Calixto** | Signature of Debtor 2 |
| Signature of Debtor 1 | |

| Date **June 30, 2017** | Date |
|---|---|

Official Form 106Dec            **Declaration About an Individual Debtor's Schedules**

EXHIBIT B

Fill in this information to identify your case:

| Debtor 1 | Victoria Calixto | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 107

### Statement of Financial Affairs for Individuals Filing for Bankruptcy    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

**1.    What is your current marital status?**

☑ Married
☐ Not married

**2.    During the last 3 years, have you lived anywhere other than where you live now?**

☑ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

**3.    Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

☑ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

**4.    Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☐ Wages, commissions, bonuses, tips | **$2,500.00** | ☐ Wages, commissions, bonuses, tips | |
| | ☑ Operating a business | | ☐ Operating a business | |

EXHIBIT B

Debtor 1    **Victoria Calixto**

Case number (*if known*) _____

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **For last calendar year:** (January 1 to December 31, 2016 ) | ☐ Wages, commissions, bonuses, tips ■ Operating a business | $11,824.00 | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | |
| **For the calendar year before that:** (January 1 to December 31, 2015 ) | ☐ Wages, commissions, bonuses, tips ■ Operating a business | $12,975.00 | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ■ No
   ☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Describe below. | **Gross income from each source** (before deductions and exclusions) | **Sources of income** Describe below. | **Gross income** (before deductions and exclusions) |

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

   ☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
   ☐ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

   ■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ■ No.    Go to line 7.
   ☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| | | | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

**EXHIBIT B**

| Debtor 1 | **Victoria Calixto** | Case number (if known) | |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
| --- | --- | --- | --- | --- |

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
| --- | --- | --- | --- | --- |

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
| --- | --- | --- | --- |
| **LVNV Funding LLC Plaintiff vs. Victoria Calixto COWE17009409** | Collection | Circuit Court Broward County, Florida | ■ Pending<br>☐ On appeal<br>☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property Explain what happened | Date | Value of the property |
| --- | --- | --- | --- |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
| --- | --- | --- | --- |

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

■ No
☐ Yes

**EXHIBIT B**

Debtor 1    **Victoria Calixto**                                    Case number *(if known)*

---

| Part 5: | List Certain Gifts and Contributions |
|---|---|

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address *(Number, Street, City, State and ZIP Code)* | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

| Part 6: | List Certain Losses |
|---|---|

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

| Part 7: | List Certain Payments or Transfers |
|---|---|

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Hector Hernandez & Associates, P.A.<br>6262 S.W. 40th Street, suite 3H<br>Miami, FL 33155 | Attorney's Fees | 2017 | $1,500.00 |
| Credit Infonet<br>4540 Honeywell Ct.<br>Dayton, OH 45424 | Credit report. | 2017 | $30.00 |
| 123 Credit Counselors<br>6161 Blue Lagoon Drive, Suite 255A<br>Miami, FL 33126 | Required credit counseling classes. | 2017 | $25.00 |

---

**Statement of Financial Affairs for Individuals Filing for Bankruptcy**

**EXHIBIT B**

Debtor 1   **Victoria Calixto**                                                    Case number *(if known)*

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐ No
■ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| **Akram Shawky Ghobrial**<br>**17725 Vanowen Street**<br>**Reseda, CA 91335**<br><br>**None** | **Sold in a short sale the property located at 3300 NE 192 Street, Unit 1517, Aventura, FL 33180.** | **Property was sold in a short sale for less than what was owed to the mortgage lender.** | **2/26/2016** |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:**   List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|


EXHIBIT B

Debtor 1    **Victoria Calixto**                                    Case number *(if known)*

22.  **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■  No
☐  Yes. Fill in the details.

| Name of Storage Facility<br>**Address** (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

## Part 9:   Identify Property You Hold or Control for Someone Else

23.  **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■  No
☐  Yes.  Fill in the details.

| Owner's Name<br>**Address** (Number, Street, City and ZIP Code) | Where is the property?<br>(Number, Street, City and ZIP Code) | Describe the property | Value |
|---|---|---|---|

## Part 10:   Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■  *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■  *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■  *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■  No
☐  Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25.  **Have you notified any governmental unit of any release of hazardous material?**

■  No
☐  Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26.  **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■  No
☐  Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>**Address** (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

## Part 11:   Give Details About Your Business or Connections to Any Business

27.  **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ **A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time**

☐ **A member of a limited liability company (LLC) or limited liability partnership (LLP)**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                             Best Case Bankruptcy

EXHIBIT B

Debtor 1    **Victoria Calixto**                                              Case number *(if known)* _____

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

■ **No.** None of the above applies. Go to Part 12.

☐ **Yes.** Check all that apply above and fill in the details below for each business.

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business Name of accountant or bookkeeper | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ **No**

☐ **Yes.** Fill in the details below.

| Name Address (Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Victoria Calixto
_____                    _____
**Victoria Calixto**                                            **Signature of Debtor 2**
**Signature of Debtor 1**

Date    June 30, 2017
_____                    Date _____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**

■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

EXHIBIT B

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

EXHIBIT B

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

**Chapter 11: Reorganization**

---

|   |        |                    |
|---|--------|--------------------|
|   | $1,167 | filing fee         |
| + | $550   | administrative fee |
|   | $1,717 | total fee          |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

EXHIBIT B

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

**Chapter 12: Repayment plan for family farmers or fishermen**

|   | $200 | filing fee |
|---|---|---|
| + | $75 | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

**Chapter 13: Repayment plan for individuals with regular income**

|   | $235 | filing fee |
|---|---|---|
| + | $75 | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

---

EXHIBIT B

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

EXHIBIT B

# United States Bankruptcy Court
## Southern District of Florida

In re    **Victoria Calixto**

                      Debtor(s)

Case No.

Chapter     **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    **June 30, 2017**

**/s/ Victoria Calixto**

**Victoria Calixto**
Signature of Debtor

EXHIBIT B

Amex
Correspondence
Po Box 981540
El Paso, TX 79998


Amex
Correspondence
Po Box 981540
El Paso, TX 79998


Amex
Correspondence
Po Box 981540
El Paso, TX 79998


Barclays Bank Delaware
100 S West St
Wilmington, DE 19801


Calvary Portfolio Services
500 Summit Lake Ste 400
Valhalla, NY 10595


Capital One
PO Box 71083
Charlotte, NC 28272


Ccs/bryant State Bank
Attn: Bankruptcy
Po Box 215
Bryant, SD 57221


Citibank/The Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
S Louis, MO 63129


Citibank/The Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
S Louis, MO 63129


Comenity Bank/Victoria Secret
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

EXHIBIT B

Credit Collection Services
Two Wells Avenue
Newton Center, MA 02459


Credit One Bank Na
Po Box 98873
Las Vegas, NV 89193


Credit One Bank Na
Po Box 98873
Las Vegas, NV 89193


Edu Finance


ER Solutions
P.O Box 9004
Renton, WA 98057


First National Bank
Attn:  FNN Legal Dept
1620 Dodge St Mailstop Code 3290
Omaha, NE 68191


First National Bank
Attn:  FNN Legal Dept
1620 Dodge St Mailstop Code 3290
Omaha, NE 68191


First National Credit Card/Legacy
First National Credit Card
Po Box 5097
Sioux Falls, SD 51117


First Savings Credit Card
Po Box 5019
Sioux Falls, SD 57117


First Svgs Bk-blaze
Po Box 5096
Sioux Falls, SD 57117


EXHIBIT B

Flagstar Bank
Attention: Bankruptcy Department
5151 Corporate Dr
Troy, MI 48098


Homeward Residential
1525 S Beltline
Coppell, TX 75019


Hyundai Motor Finance
Attn: Bankruptcy
Po Box 20809
Fountain City, CA 92728


Hyundai Motor Finance
Attn: Bankruptcy
Po Box 20809
Fountain City, CA 92728


Hyundai Motor Finance
Attn: Bankruptcy
Po Box 20809
Fountain City, CA 92728


Hyundai Motor Finance
P.O. Box 660891
Dallas, TX 75266


Internal Revenue Service
Special Procedures-Insolvency
7850 SW 6th Court
Stop 5730
Plantation, FL 33324


LVNV Funding
PO Box 10497
Greenville, SC 29603


Mazda Amer Credit
Attn: Customer Assistance Center
Po Box 19734
Irvine, CA 92623


Mercedes-Benz Financial
Po Box 685
Roanole, TX 76262

EXHIBIT B

Merrick Bank
10705 South Jordan Gateway, Suite 200
South Jordan, UT 84095


Seterus, Inc.
Po Box 1047
450 American St
Hartford, CT 06143


SYNCB/BRMart
Po Box 965064
Orlando, FL 32896

EXHIBIT B

# EXHIBIT "B"

CGFD26 (10/16/17)



**ORDERED in the Southern District of Florida on April 30, 2018**

Raymond B Ray
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

Case Number: 17−18317−RBR

Chapter: 13

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Victoria Calixto
aka Victoria R. Calixto
124 NW 2nd Ave APT A
Hallandale, FL 33009

SSN: xxx−xx−5976

### ORDER CONFIRMING CHAPTER 13 PLAN

    This cause came before the court on 4/19/2018 for confirmation of the debtor's proposed Third Amended chapter 13 plan pursuant to Local Rule 3015−3(B)(2). Based on the record, including the debtor's "Certificate of Compliance and Request for Confirmation on Chapter 13 Plan", it is

**ORDERED** as follows:

1. The debtor's chapter 13 plan (the "Plan") meets with the provisions of 11 U.S.C. § 1325 and, if applicable, § 521 and 1308, and is, therefore, confirmed in accordance with its terms.

2. Any claim entitled to priority under 11 U.S.C. § 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. § 1322(a)(2), with postpetition interest as required by 11 U.S.C. § 506(b) payable on the secured portion of the claim.

---

[1] All references to "Debtor" shall include and refer to both Debtors in a case filed jointly by two individuals.

*Page 1 of 3*

<span style="color:red">EXHIBIT B</span>

3. The debtor's first monthly payment to the Trustee under the Plan was required to commence not later than 30 days following June 30, 2017, the date the petition was filed, or within 30 days from the date of conversion to chapter 13. The Trustee shall begin disbursement to creditors pursuant to the Plan as soon as practicable upon entry of this order.

4. If the Plan does not provide for payments to a secured creditor, the Plan provides for surrender of the property secured by the secured creditor's claim or the Plan provides for direct payment of the secured creditor's claim outside of the Plan, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the debtor which secures the creditor's claim. The filing of a Motion to Modify a Plan does not operate as a stay of any action against property of the debtor which is not subject to the automatic stay absent further order of the court.

5. Any executory contract or unexpired lease of the debtor which has not been assumed pursuant to court order prior to entry of this order, or which is not assumed in the Plan confirmed by this order, is deemed rejected upon entry of this order.

6. If the confirmed plan in this case provides for payment to holder(s) of tax certificates on property of the debtor, the following provisions shall apply:

   A. To ensure that the records of the County Tax Collector credit amounts received by certificate holders, upon receipt of information pursuant to subparagraph B below, the Tax Collector is ordered to adjust the County tax records and reduce both the amount owed on tax certificates and the amount of the tax lien to reflect payments made by the Chapter 13 Trustee to certificate holders under the confirmed plan.

   B. The Tax Collector shall be served with any order entered post−confirmation which (a) dismisses or converts this case; (b) grants stay relief to the holder of a secured claim on the property subject to the tax certificates; (c) approves a sale or refinancing of the property subject to the tax certificates; (d) modifies the plan to eliminate further payments to one or more certificate holders; or (e) discharges the debtor upon completion of the plan. Upon receipt of any such order, the Tax Collector shall request a ledger from the Chapter 13 Trustee reflecting the amounts paid to certificate holders under the confirmed plan, or obtain the ledger information by accessing the Chapter 13 Trustee's website.

   C. During the period in which the certificate holders are receiving payments under the confirmed plan, unless otherwise ordered, the Tax Collector is enjoined from accepting a redemption payment for any certificate which is included in the plan. This injunction will dissolve without further order of the Court if (a) one of the orders described in subparagraph B is entered; and (b) the County has complied with the requirements in subparagraph A by reducing both the amount owed on any certificate paid or partially paid under the plan and the amount of the tax lien by the amount paid to the certificate holder as reflected in the Chapter 13 Trustee's ledger.

7. Pursuant to Local Rule 3070−1(C)(2), if the debtor fails to timely make any Plan payment to the Trustee, the Trustee may serve a "Notice of Delinquency" upon the debtor and the debtor's attorney. The debtor shall have 45 days from the date of the "Notice of Delinquency" to make all payments due under the Plan, including any payments that become due within the 45−day period. If the debtor is seeking to cure the delinquency in a modified plan the debtor must file a motion to modify the confirmed plan within 14 days of the date of the "Notice of Delinquency". If the debtor is not current with plan payments on the 45th day after the date of the "Notice of Delinquency", the Trustee shall file and serve a report of non−compliance and the case will be dismissed without further notice or hearing. Dismissal shall be with prejudice to the debtor filing any new bankruptcy case in any federal bankruptcy court in the United States for a period of 180 days from entry of the order of dismissal. The court will not extend these deadlines absent extraordinary circumstances.

*Page 2 of 3*

EXHIBIT B

8. To the extent the Plan sought a determination of valuation pursuant to Bankruptcy Rule 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed proof of claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

9. Nonstandard provisions must be set forth in Paragraph VIII of the Plan being confirmed. Nonstandard provisions set forth elsewhere in the Plan are void.

The clerk shall serve a copy of this order on all parties of record.

# # #

*Page 3 of 3*

EXHIBIT B

# EXHIBIT "C"



ORDERED in the Southern District of Florida on July 5, 2018.

Raymond B. Ray, Judge
United States Bankruptcy Court

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO.: 17-18317-BKC-RBR
PROCEEDING UNDER CHAPTER 13

IN RE:

VICTORIA CALIXTO
XXX-XX-5976

DEBTOR_____/

### AMENDED
### ORDER CONFIRMING CHAPTER 13 PLAN
### (Amended to correct Confirmation Hearing date to 4/12/2018)

**THIS CAUSE** came before the Court on April 12, 2018 for confirmation of the Debtor's proposed Third Amended Chapter 13 Plan pursuant to Local Rule 3015-3(B)(2). Based upon the record, including the Debtor's "Certificate of Compliance and Request for Confirmation of Chapter 13 Plan," it is

**ORDERED:**

1. The Debtor's Chapter 13 Plan ("Plan") meets with the provisions of 11 U.S.C. Section 1325 and, if applicable, Section 521 and 1308, and is, therefore, confirmed in accordance with its terms.

<span style="color:red">EXHIBIT B</span>

2. Any claim entitled to priority under 11 U.S.C. Section 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. Section 1322(a)(2), with postpetition interest as required by 11 U.S.C. Section 506(b) payable on the secured portion of the claim.

3. The Debtor's first monthly payment to the Trustee under the Plan was required to commence not later than 30 days following June 30, 2017, the date the petition was filed, or within 30 days from the date of conversion to Chapter 13. The Trustee shall begin disbursement to creditors pursuant to the Plan as soon as practicable upon entry of this Order.

4. If the Plan does not provide for payments to a secured creditor, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the Debtor which secures the creditor's claim.

5. Any executory contract or unexpired lease of the Debtor which has not been assumed pursuant to court order prior to entry of this order, is deemed rejected upon entry of this order.

6. If the confirmed plan in this case provides for payment to holder(s) of tax certificates on property of the Debtor, the following provisions shall apply:

   A. To ensure that the records of the County Tax Collector credit amounts received by certificate holders, upon receipt of information pursuant to subparagraph B below, the Tax Collector is ordered to adjust the County tax records and reduce both the amount owed on tax certificates and the amount of the tax lien to reflect payments made by the Chapter 13 Trustee to certificate holders under the confirmed plan.

   B. The Tax Collector shall be served with any order entered post-confirmation which (a) dismisses or converts the case; (b) grants stay relief to the holder of a secured claim on the property subject to the tax certificates; (c) approves a sale or refinancing of the property subject to the tax certificates; (d) modifies the plan to eliminate further payments to one or more certificate holders; or (e) discharges the Debtor upon completion of the plan. Upon receipt of any such order, the Tax Collector shall request a ledger from the Trustee reflecting the amounts paid to certificate holders under the confirmed plan, or obtain the ledger information by accessing the Trustee's website.

   C. During the period in which the certificate holders are receiving payments under the confirmed plan, unless otherwise ordered, the Tax Collector is enjoined from accepting a redemption payment for any certificate which is included in the plan. This injunction will dissolve without further order of the court if (a) one of the orders described in subparagraph B is entered; and (b) the County has complied with the requirements in subparagraph A by reducing both the amount owed on any certificate paid or partially paid under the plan and the amount of the tax lien by the amount paid to the certificate holder as reflected in the Trustee's ledger.

EXHIBIT B

7. Pursuant to Local Rule 3070-1(C)(2), if the Debtor fails to timely make any Plan payment to the Trustee, the Trustee may serve a "Notice of Delinquency" upon the Debtor and the Debtor's attorney. The Debtor shall have 45 days from the date of the "Notice of Delinquency" to make all payments due under the Plan, including any payments that become due within the 45-day period. If the Debtor is seeking to cure the delinquency in a modified plan the Debtor must file a Motion to Modify the confirmed plan within 15 days of the date of the "Notice of Delinquency." If the Debtor is not current with plan payments on the 45th day after the date of the "Notice of Delinquency," the Trustee shall file and serve a report of non-compliance and the case will be dismissed without further notice or hearing. Dismissal shall be with prejudice to the Debtor filing any bankruptcy case in any federal bankruptcy court in the United States for a period of 180 days from entry of the order of dismissal. The Court will not extend these deadlines absent extraordinary circumstances.

8. To the extent the Plan sought a determination of valuation pursuant to Bankruptcy Rule 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed Proof of Claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

### 

**ORDER SUBMITTED BY:**

ROBIN R. WEINER, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 559007
FORT LAUDERDALE, FL 33355-9007
954-382-2001

**COPIES FURNISHED TO:**

**DEBTOR**
VICTORIA CALIXTO
124 NW 2ND AVE APT A
HALLANDALE, FL 33009

**ATTORNEY FOR DEBTOR**
HECTOR HERNANDEZ, ESQUIRE
6262 SW 40TH STREET
SUITE 3-H
MIAMI, FL 33155

**ROBIN R. WEINER** IS DIRECTED TO SERVE COPIES OF THIS ORDER UPON THE PARTIES LISTED AND FILE A CERTIFICATE OF SERVICE.

EXHIBIT B

# EXHIBIT "D"

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**CASE NO.: 17-18317-BKC-SMG**
PROCEEDING UNDER CHAPTER 13

IN RE:

VICTORIA CALIXTO
XXX-XX-5976

DEBTOR                         /

## CHAPTER 13 TRUSTEE'S NOTICE OF PLAN COMPLETION AND IF APPLICABLE REQUEST FOR ORDER TERMINATING THE EMPLOYEE WAGE DEDUCTION ORDER

    **COMES NOW,** Robin R. Weiner, Chapter 13 Trustee in the above-styled action and files this Notice of Plan Completion and Request for Order Terminating the Employee Wage Deduction Order, and respectfully shows the Court as follows:

    The Chapter 13 Trustee has verified the Debtor in the above-referenced Chapter 13 case has completed payments under the confirmed plan. The Trustee does not verify any payments made direct and outside the plan have been paid and are current. The Chapter 13 Trustee respectfully requests that this Court enter an order terminating the Employee Wage Deduction Order, if applicable. The Chapter 13 Trustee's Final Report of Estate will be submitted as soon as practicable after all payments made to creditors have been negotiated and no outstanding disbursements remain. This case will remain open pending receipt of the Chapter 13 Trustee's Final Report of Estate. Upon submission, an order discharging the Chapter 13 Trustee will be entered in this case.

**Debtor must complete and file a Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object (LF-97) or no discharge of debtor will be issued in this case.**

    **RESPECTFULLY SUBMITTED** this 9th day of May, 2022.

/s/ Robin R. Weiner
ROBIN R. WEINER, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 559007
FORT LAUDERDALE, FL 33355-9007
TELEPHONE: 954-382-2001
FLORIDA BAR NO.: 861154

EXHIBIT B

# EXHIBIT "E"

| Information to identify the case: | | | |
|---|---|---|---|

**Debtor 1**    Victoria Calixto

First Name    Middle Name    Last Name

Social Security number or ITIN   xxx–xx–5976

EIN   __–_____

**Debtor 2**
(Spouse, if filing)    First Name    Middle Name    Last Name

Social Security number or ITIN   _ _ _ _

EIN   __–_____

United States Bankruptcy Court    Southern District of Florida

Case number:   17–18317–SMG

---

# Order of Discharge

12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

**Victoria Calixto
aka Victoria R. Calixto**

June 1, 2022

By the court:    *Scott M. Grossman*

**Scott M Grossman**
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

#### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

#### Some debts are not discharged

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

EXHIBIT B

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- ♦ some debts which the debtors did not properly list;

- ♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- ♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- ♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Form 3180W

page 2

EXHIBIT B

# EXHIBIT "F"

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:                                                    Case No. 17-18317-SMG

    Victoria Calixto

        Debtor(s)

---

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

    Robin R. Weiner, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 06/30/2017.

2) The plan was confirmed on 04/12/2018.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on NA.

4) The trustee filed action to remedy default by the debtor in performance under the plan on NA.

5) The case was completed on 05/02/2022.

6) Number of months from filing to last payment: 58.

7) Number of months case was pending: 62.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: NA.

10) Amount of unsecured claims discharged without payment: $0.00.

11) All checks distributed by the trustee relating to this case have cleared the bank.

UST Form 101-13-FR-S (09/01/2009)

**EXHIBIT B**

| **Receipts:** | | |
|---|---|---|
| Total paid by or on behalf of the debtor | $17,482.00 | |
| Less amount refunded to debtor | $262.54 | |
| **NET RECEIPTS:** | | **$17,219.46** |

| **Expenses of Administration:** | | |
|---|---|---|
| Attorney's Fees Paid Through the Plan | $2,500.00 | |
| Court Costs | $0.00 | |
| Trustee Expenses & Compensation | $905.64 | |
| Other | $0.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION:** | | **$3,405.64** |
| Attorney fees paid and disclosed by debtor: | $1,500.00 | |

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| American Express | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| Barclays Bank | Unsecured | 2,450.00 | NA | NA | 0.00 | 0.00 |
| Blaze | Unsecured | 436.00 | NA | NA | 0.00 | 0.00 |
| Calvalry SPV I, LLC | Unsecured | NA | 1,162.56 | 1,162.56 | 1,162.56 | 0.00 |
| Capital One Bank (USA) N.A. | Unsecured | 1,145.00 | NA | NA | 0.00 | 0.00 |
| Cavalry Portfolio Services, LLC | Unsecured | 1,163.00 | NA | NA | 0.00 | 0.00 |
| Cerastes, LLC | Unsecured | NA | 2,526.03 | 2,526.03 | 2,526.03 | 0.00 |
| Citibank, N.A. | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| Comenity Bank | Unsecured | 1,100.00 | NA | NA | 0.00 | 0.00 |
| Credit Collection Services | Unsecured | 399.00 | NA | NA | 0.00 | 0.00 |
| Credit One Bank | Unsecured | 1,062.00 | NA | NA | 0.00 | 0.00 |
| Credit One Bank | Unsecured | 1,675.00 | NA | NA | 0.00 | 0.00 |
| ER Solutions | Unsecured | 170.00 | NA | NA | 0.00 | 0.00 |
| First National Bank | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| First Svg Cc | Unsecured | 855.00 | NA | NA | 0.00 | 0.00 |
| Flagstar Bank, FSB | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| Fncc/Legacy Visa | Unsecured | 873.00 | NA | NA | 0.00 | 0.00 |
| Homeward Residential Inc | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| Hyundai Capital America | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| Hyundai Lease Titling Trust | Secured | NA | 22,397.04 | NA | 0.00 | 0.00 |
| LVNV Funding, LLC | Unsecured | NA | 1,816.05 | 1,816.05 | 1,816.05 | 0.00 |
| Mazda American Credit | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| Mb Fin Svcs | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| Merrick Bank | Unsecured | 1,346.00 | NA | NA | 0.00 | 0.00 |
| Quantum 3 Group LLC | Unsecured | NA | 1,095.09 | 1,095.09 | 1,095.09 | 0.00 |
| Resurgent Capital Services | Unsecured | NA | 1,158.01 | 1,158.01 | 1,158.01 | 0.00 |
| Sentra Collections | Unsecured | 455.00 | NA | NA | 0.00 | 0.00 |
| Seterus, Inc. | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| Synchrony Bank | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| United States Treasury | Unsecured | NA | 426.92 | 426.92 | 426.92 | 0.00 |
| United States Treasury | Priority | NA | 5,629.16 | 5,629.16 | 5,629.16 | 0.00 |

UST Form 101-13-FR-S (09/01/2009)

EXHIBIT B

| Summary of Disbursements to Creditors: | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
| Mortgage Arrearage | $0.00 | $0.00 | $0.00 |
| Debt Secured by Vehicle | $0.00 | $0.00 | $0.00 |
| All Other Secured | $0.00 | $0.00 | $0.00 |
| **TOTAL SECURED:** | **$0.00** | **$0.00** | **$0.00** |
| | | | |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $5,629.16 | $5,629.16 | $0.00 |
| **TOTAL PRIORITY:** | **$5,629.16** | **$5,629.16** | **$0.00** |
| | | | |
| **GENERAL UNSECURED PAYMENTS:** | **$8,184.66** | **$8,184.66** | **$0.00** |

| Disbursements: | |
|---|---|
| Expenses of Administration | $3,405.64 |
| Disbursements to Creditors | $13,813.82 |
| **TOTAL DISBURSEMENTS :** | **$17,219.46** |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 08/26/2022

By: /s/ Robin R. Weiner

Trustee

**STATEMENT**: This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-13-FR-S (09/01/2009)

EXHIBIT B

# EXHIBIT "G"

CGFD28 (10/01/16)



**ORDERED in the Southern District of Florida on September 28, 2022**

**Scott M Grossman**
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 17–18317–SMG**

**Chapter: 13**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Victoria Calixto
aka Victoria R. Calixto
124 NW 2nd Ave APT A
Hallandale, FL 33009

SSN: xxx–xx–5976

# FINAL DECREE

The trustee, Robin R Weiner, having filed a final report that the estate has been fully administered, is discharged and the case is closed.

<span style="color:red">EXHIBIT B</span>

# EXHIBIT "H"

CM/ECF LIVE - U.S. Bankruptcy Court/flsb

**CLOSED, Repeat**

## U.S. Bankruptcy Court
## Southern District of Florida (Fort Lauderdale)
## Bankruptcy Petition #: 17-18317-SMG

*Date filed:* 06/30/2017
*Date terminated:* 09/28/2022
*Debtor discharged:* 06/01/2022
*Plan confirmed:* 04/30/2018
*341 meeting:* 08/21/2017

*Assigned to:* Scott M Grossman
Chapter 13
Voluntary
Asset

*Debtor disposition:* Standard Discharge

**Debtor**
**Victoria Calixto**
1124 NW 2nd Ave APT A
Hallandale, FL 33009
BROWARD-FL
SSN / ITIN: xxx-xx-5976
*aka* **Victoria R. Calixto**

represented by **Hector Hernandez, Esq.**
7480 SW 40TH ST
SUITE 420
Miami, FL 33155
305.406.3424
Fax : 305.406.3494
Email: hector@hhalaw.com

<span style="color:red">EXHIBIT B</span>

**Trustee**
**Robin R Weiner**
Robin R. Weiner, Chapter 13 Trustee
Post Office Box 559007
Fort Lauderdale, FL 33355
954-382-2001

**U.S. Trustee**
**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
(305) 536-7285

| Filing Date | # | Docket Text |
|---|---|---|

10/4/22, 9:40 AM

CM/ECF LIVE - U.S. Bankruptcy Court:flsb

| Date | Number | Description |
|---|---|---|
| 06/30/2017 | 1 (52 pgs) | Chapter 13 Voluntary Petition. [Fee Amount $310] (Hernandez, Hector) (Entered: 06/30/2017) |
| 06/30/2017 | 2 (1 pg) | Chapter 13 Plan Filed by Debtor Victoria Calixto (Hernandez, Hector) (Entered: 06/30/2017) |
| 06/30/2017 | 3 | Statement of Debtor(s) Social Security Number(s) *[Document Image Available ONLY to Court Users]* Filed by Debtor Victoria Calixto. (Hernandez, Hector) (Entered: 06/30/2017) |
| 06/30/2017 | 4 (5 pgs) | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years Form 122C-1. Disposable Income Is Not Determined Filed by Debtor Victoria Calixto. (Hernandez, Hector) (Entered: 06/30/2017) |
| 06/30/2017 | 5 (1 pg) | Disclosure of Compensation by Attorney Hector Hernandez Esq.. (Hernandez, Hector) (Entered: 06/30/2017) |
| 06/30/2017 | 6 (1 pg) | Certification of Budget and Credit Counseling Course by Debtor Filed by Debtor Victoria Calixto. (Hernandez, Hector) (Entered: 06/30/2017) |
| 06/30/2017 | 7 (2 pgs) | Payment Advices by Debtor Filed by Debtor Victoria Calixto. (Hernandez, Hector) (Entered: 06/30/2017) |
| 06/30/2017 | | Receipt of Voluntary Petition (Chapter 13)(17-18317) [misc,volp13a] ( 310.00) Filing Fee. Receipt number 30141215. Fee amount 310.00. (U.S. Treasury) (Entered: 07/03/2017) |
| 07/02/2017 | 8 (1 pg) | Request for Notice Filed by Creditor Synchrony Bank. (PRA Receivables Management (VSmith)) (Entered: 07/02/2017) |
| 07/03/2017 | | Clerk's Evidence of Repeat Filings for debtor CALIXTO, VICTORIA Case Number 15-17885.    Chapter 13 filed in Florida Southern on 04/30/2015 was Closed on 10/28/2015 was Dismissed on 09/28/2015; Case Number 15-12589.    Chapter 13 filed in Florida Southern on 02/11/2015 was Closed on 07/14/2015 was Dismissed on 03/04/2015; Case Number 11-29824.    Chapter 7 filed in Florida Southern on 07/18/2011 was Closed on 10/31/2011 was Discharged on 10/28/2011. (admin) (Entered: 07/03/2017) |
| 07/05/2017 | 9 (4 pgs; 2 docs) | Meeting of Creditors to be Held on 8/21/2017 at 09:00 AM at 299 E Broward Blvd Room 411, Fort Lauderdale. Proofs of Claim due by 11/20/2017. Last Day to Oppose Dischargeability or Discharge is 11/20/2017. Confirmation Hearing to be Held on 9/14/2017 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 308 (RBR), Fort Lauderdale, FL. Objection to Confirmation Deadline: 8/31/2017. (Banoovong, Bea) (Entered: 07/05/2017) |
| 07/07/2017 | 10 (5 pgs) | BNC Certificate of Mailing (Re: 2 Meeting of Creditors to be Held on 8/21/2017 at 09:00 AM at 299 E Broward Blvd Room 411, Fort Lauderdale. Proofs of Claim due by 11/20/2017. Last Day to Oppose Discharge or Dischargeability is 10/20/2017. Confirmation Hearing to be Held on 9/14/2017 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd |

**EXHIBIT B**

| Date | Doc | Description |
|---|---|---|
| 07/07/2017 | 11 (3 pgs) | Room 308 (RBR), Fort Lauderdale, FL. Objection to Confirmation Deadline: 8/31/2017.) Notice Date 07/07/2017. (Admin.) (Entered: 07/08/2017) |
| 08/07/2017 | 12 (1 pg) | BNC Certificate of Mailing - PDF Document (Re: 2 Meeting of Creditors to be Held on 8/21/2017 at 09:00 AM at 299 E Broward Blvd Room 411, Fort Lauderdale. Proofs of Claim due by 11/20/2017. Last Day to Oppose Discharge or Dischargeability is 10/20/2017. Confirmation Hearing to be Held on 9/14/2017 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 308 (RBR), Fort Lauderdale, FL. Objection to Confirmation Deadline: 8/31/2017.) Notice Date 07/07/2017. (Admin.) (Entered: 07/08/2017) |
| 09/06/2017 | 13 (1 pg) | Certification of Completion of Instructional Course Concerning Personal Financial Management for Debtor Victoria Calixto Provided by 247 Bankruptcy Class Inc. 305-267-1041. (Entered: 08/07/2017) |
| 10/19/2017 | 14 | Certification of Compliance and Request for Confirmation of Ch. 13 Plan Filed by Debtor Victoria Calixto. (Hernandez, Hector) (Entered: 09/06/2017) |
| 10/20/2017 | 15 (2 pgs) | Trustee's Request for Entry of Order Dismissing Case Upon Denial of Confirmation of Plan Filed by Trustee Robin R Weiner. (Weiner, Robin) (Entered: 10/19/2017) |
| 10/22/2017 | 16 (4 pgs) | Order Granting Trustee's Request for Order Dismissing Case Upon Denial of Confirmation of Plan (Re: # 14 ) Case is Dismissed with a Prejudice Period of 180 Days. [Filing Fee Balance Due: $0.00] (Banoovong, Bea) (Entered: 10/20/2017) |
| 10/30/2017 | 17 (1 pg) | BNC Certificate of Mailing - Order Dismissing Case (Re: 15 Order Granting Trustee's Request for Order Dismissing Case Upon Denial of Confirmation of Plan (Re: # 14 ) Case is Dismissed with a Prejudice Period of 180 Days. [Filing Fee Balance Due: $0.00] Notice Date 10/22/2017 (Admin.) (Entered: 10/23/2017) |
| 10/30/2017 | 18 (1 pg) | Motion to Reinstate Case Filed by Debtor Victoria Calixto. (Hernandez, Hector) (Entered: 10/30/2017) |
| 10/30/2017 | 19 (3 pgs) | Notice of Hearing by Filer (Re: 17 Motion to Reinstate Case Filed by Debtor Victoria Calixto.). Chapter 13 Hearing scheduled for 11/16/2017 at 01:00 PM at U.S. Courthouse, 299 E Broward Blvd Room 308 (RBR), Fort Lauderdale, FL. (Hernandez, Hector) (Entered: 10/30/2017) |
| 11/16/2017 | 20 (3 pgs) | Certificate of Service Filed by Debtor Victoria Calixto (Re: 17 Motion to Reinstate Case filed by Debtor Victoria Calixto, 18 Notice of Hearing by Filer filed by Debtor Victoria Calixto). (Hernandez, Hector) (Entered: 10/30/2017) |
| 11/16/2017 | 21 (3 pgs) | First Amended Chapter 13 Plan (Re: 2 Chapter 13 Plan filed by Debtor Victoria Calixto (Hernandez, Hector) (Entered: 11/16/2017) |
| | | Certificate of Service Filed by Debtor Victoria Calixto (Re: 20 Amended Chapter 13 Plan filed by Debtor Victoria Calixto). (Hernandez, Hector) (Entered: 11/16/2017) |

EXHIBIT B

10/4/22, 9:40 AM

CM/ECF LIVE – U.S. Bankruptcy Court-flsb

| Date | Doc | Description |
|------|-----|-------------|
| 11/22/2017 | 22 (3 pgs) | Order Granting Motion To Reinstate Case (Re: # 17) Confirmation Hearing to be Held on 12/14/2017 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 308 (RBR), Fort Lauderdale, FL. Last Day to Oppose Discharge or Dischargeability is 1/22/2018. Proofs of Claim due by 2/22/2018. (Banoovong, Bea) (Entered: 11/22/2017) |
| 11/24/2017 | 23 (5 pgs) | BNC Certificate of Mailing – PDF Document (Re: 22 Order Granting Motion To Reinstate Case (Re: 17) Confirmation Hearing to be Held on 12/14/2017 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 308 (RBR), Fort Lauderdale, FL. Last Day to Oppose Discharge or Dischargeability is 1/22/2018. Proofs of Claim due by 2/22/2018.) Notice Date 11/24/2017. (Admin.) (Entered: 11/25/2017) |
| 12/15/2017 | 24 | The information required by 11 U.S.C. Sec. 521(a)(1) as provided by the debtor(s) in this case is complete to the satisfaction of the trustee. No creditor or other party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. Sec. 521(i)(2) and the trustee does not believe that this case is subject to automatic dismissal pursuant to 11 U.S.C. Sec. 521(i). (Weiner, Robin) (Entered: 12/15/2017) |
| 12/15/2017 | 25 (2 pgs) | Notice of Continued Confirmation Hearing Filed by Trustee Robin R Weiner (Re: 20 Amended Chapter 13 Plan). Confirmation Hearing to be Held on 01/18/2018 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 308 (RBR), Fort Lauderdale, FL. (Weiner, Robin) (Entered: 12/15/2017) |
| 12/18/2017 | 26 (2 pgs) | Order Determining Debtor's Compliance with Filing Requirements of Section 521(a)(1). Deadline for any creditor or other party in interest to contest the court's finding shall file an objection not later 21 days from the date of entry of this order (admin) (Entered: 12/18/2017) |
| 12/20/2017 | 27 (4 pgs) | BNC Certificate of Mailing (Re: 26 Order Determining Debtor's Compliance with Filing Requirements of Section 521(a)(1). Deadline for any creditor or other party in interest to contest the court's finding shall file an objection not later 21 days from the date of entry of this order (admin)) Notice Date 12/20/2017. (Admin.) (Entered: 12/21/2017) |
| 12/21/2017 | 28 (2 pgs) | Order Authorizing Chapter 13 Trustee to Disburse Pre-Confirmation Payments to Administrative, Secured, and Priority Creditors . (Banoovong, Bea) (Entered: 12/21/2017) |
| 01/08/2018 | 29 (2 pgs) | Certificate of Service Filed by Trustee Robin R Weiner (Re: 28 Order Authorizing Ch 13 Trustee to Disburse Payments). (Weiner, Robin) (Entered: 01/08/2018) |
| 01/19/2018 | 30 (2 pgs) | Notice of Continued Confirmation Hearing Filed by Trustee Robin R Weiner (Re: 20 Amended Chapter 13 Plan). Confirmation Hearing to be Held on 02/15/2018 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 308 (RBR), Fort Lauderdale, FL. (Weiner, Robin) (Entered: 01/19/2018) |
| 02/16/2018 | 31 (2 pgs) | Notice of Continued Confirmation Hearing Filed by Trustee Robin R Weiner (Re: 20 Amended Chapter 13 Plan). Confirmation Hearing to be Held on 03/15/2018 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 308 (RBR), Fort Lauderdale, FL. (Weiner, Robin) (Entered: 02/16/2018) |
| 02/23/2018 | 32 (2 pgs) | Second Amended Chapter 13 Plan (Re: 2 Chapter 13 Plan filed by Debtor Victoria Calixto, 20 Amended Chapter 13 Plan filed by Debtor Victoria Calixto) Filed by Debtor Victoria Calixto (Hernandez, Hector) (Entered: 02/23/2018) |

EXHIBIT B

| Date | Doc | Description |
|---|---|---|
| 02/23/2018 | [33](#) (3 pgs) | Certificate of Service Filed by Debtor Victoria Calixto (Re: [32](#) Amended Chapter 13 Plan filed by Debtor Victoria Calixto). (Hernandez, Hector) (Entered: 02/23/2018) |
| 03/20/2018 | [34](#) (2 pgs) | Notice of Continued Confirmation Hearing Filed by Trustee Robin R Weiner (Re: [32](#) Amended Chapter 13 Plan). Confirmation Hearing to be Held on 04/12/2018 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 308 (RBR), Fort Lauderdale, FL. (Weiner, Robin) (Entered: 03/20/2018) |
| 03/20/2018 | [35](#) (2 pgs) | Third Amended Chapter 13 Plan (Re: [2](#) Chapter 13 Plan filed by Debtor Victoria Calixto, [20](#) Amended Chapter 13 Plan filed by Debtor Victoria Calixto, [32](#) Amended Chapter 13 Plan filed by Debtor Victoria Calixto) Filed by Debtor Victoria Calixto (Hernandez, Hector) (Entered: 03/20/2018) |
| 03/20/2018 | [36](#) (3 pgs) | Certificate of Service Filed by Debtor Victoria Calixto (Re: [35](#) Amended Chapter 13 Plan filed by Debtor Victoria Calixto). (Hernandez, Hector) (Entered: 03/20/2018) |
| 04/30/2018 | 37 | Trustee's Request for Entry of Order Confirming Chapter 13 Third Amended Plan After Confirmation Hearing [Confirmation Hearing Date: 4/19/2018] (Weiner, Robin) (Entered: 04/30/2018) |
| 04/30/2018 | [38](#) (3 pgs) | Order Confirming (Re: [35](#) Third Amended Chapter 13 Plan filed by Debtor Victoria Calixto). (Banoovong, Bea) (Entered: 04/30/2018) |
| 05/02/2018 | [39](#) (5 pgs) | BNC Certificate of Mailing (Re: [38](#) Order Confirming (Re: [35](#) Third Amended Chapter 13 Plan filed by Debtor Victoria Calixto).) Notice Date 05/02/2018. (Admin.) (Entered: 05/03/2018) |
| 05/30/2018 | [40](#) (2 pgs) | Certificate of Service Filed by Trustee Robin R Weiner (Re: [38](#) Order Confirming Chapter 13 Plan). (Weiner, Robin) (Entered: 05/30/2018) |
| 07/05/2018 | [41](#) (3 pgs) | Amended Order (Re: [38](#) Order Confirming Chapter 13 Plan). (Grzeskiewicz, Lisa) (Entered: 07/05/2018) |
| 10/02/2019 | 42 | In accordance with [General Order 2019-03](#), this case is transferred from Judge Raymond B. Ray to Judge Scott M. Grossman. (Cervino, Maria) (Entered: 10/02/2019) |
| 05/09/2022 | [43](#) (1 pg) | Chapter 13 Trustee Notice of Plan Completion and Request for Order Terminating the Employee Wage Deduction Order, if Applicable . Filed by Trustee Robin R Weiner. (Weiner, Robin) (Entered: 05/09/2022) |
| 05/10/2022 | [44](#) (4 pgs) | Notice of Requirement to File Local Form LF-97 Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object (admin) (Entered: 05/10/2022) |
| 05/10/2022 | [45](#) (2 pgs) | Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object Filed by Debtor Victoria Calixto. Deadline to Object: 05/31/2022. (Hernandez, Hector) (Entered: 05/10/2022) |

EXHIBIT B

| Date | Doc | Description |
|---|---|---|
| 05/10/2022 | [46](3 pgs) | Certificate of Service Filed by Debtor Victoria Calixto (Re: [44](/) Notice of Requirement to File Local Form LF-97, [45](/) Certificate of Compliance and Motion for Discharge filed by Debtor Victoria Calixto). (Hernandez, Hector) (Entered: 05/10/2022) |
| 05/12/2022 | [47](5 pgs) | BNC Certificate of Mailing (Re: [44](/) Notice of Requirement to File Local Form LF-97 Debtor's Certificate of Compliance, Motion for Issuance of Discharge and Notice of Deadline to Object (admin)) Notice Date 05/12/2022. (Admin.) (Entered: 05/13/2022) |
| 06/01/2022 | [48](2 pgs) | Order Discharging Debtor. (Rodriguez, Lorenzo) (Entered: 06/01/2022) |
| 06/03/2022 | [49](5 pgs) | BNC Certificate of Mailing – Order of Discharge (Re: [48](/) Order Discharging Debtor.) Notice Date 06/03/2022. (Admin.) (Entered: 06/04/2022) |
| 08/26/2022 | [50](3 pgs) | Chapter 13 Trustee's Final Report and Account (Fully Administered) Filed by Trustee Robin R Weiner. Objection Deadline: 9/25/2022. (Weiner, Robin) (Entered: 08/26/2022) |
| 09/28/2022 | [51](1 pg) | Final Decree and Discharge of Trustee . (Rodriguez, Lorenzo) (Entered: 09/28/2022) |
| 09/28/2022 | 52 | Bankruptcy Case Closed. (Rodriguez, Lorenzo) (Entered: 09/28/2022) |

**PACER Service Center**

**Transaction Receipt**

10/04/2022 10:39:59

| PACER Login: | SPVG0080 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 17-18317-SMG Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 5 | Cost: | 0.50 |

EXHIBIT B

CM/ECF LIVE - U.S. Bankruptcy Court:flsb

EXHIBIT B