**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:                                                                Case No: 17-18317-SMG
                                                                      Chapter   13
VICTORIA CALIXTO

_____Debtor_____/

**DEBTOR'S REPLY TO GULFSTREAM PARK RACING ASSOCIATION, INC.'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO REOPEN CHAPTER 13 CASE**

COMES NOW the Debtor, VICTORIA CALIXTO by and through the undersigned counsel and files this Reply to Gulfstream Park Racing Association, Inc.'s Response in Opposition to Debtor's Motion to Reopen Chapter 13 Case and states as follows:

**PROCEDURAL BACKGROUD**

The Debtor filed her Motion to Reopen Chapter 13 Case [D.E. 53] on November 11, 2022. The subject bankruptcy case was administratively closed on September 28, 2022 [D.E. 52]. On December 8, 2022, a hearing was held on the Debtor's Motion to Reopen Chapter 13 case and this Court provided the Debtor until December 16, 2022 to file a Reply to Gulfstream Park Racing Association, Inc.'s ("Gulfstream") Response in Opposition to Debtor's Motion to Reopen Chapter 13 case. As a result, the instant Reply addresses the limited issue of why this Court should exercise its discretion and issue an Order Granting the Debtor's Motion to Reopen the underlying case.

**MEMORANDUM OF LAW**

Section 350(b) provides that "[a] case may be reopened…to administer assets, to accord relief to the debtor, or for other cause." The standard for this Court to consider with regard to the instant Motion to Reopen is discussed in the case of *Bank of America, N.A. v. Rodriguez,* 558 B.R. 945, 948 (S.D. Fla. 2016). When deciding whether to reopen a closed case, courts should generally consider the benefit to creditors, the benefit to the debtor, the prejudice to the affected party, and other equitable factors." *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011); *In re Apex Oil Co., Inc.* 406 F.3d 538, 542 (8th Cir. 2005) (holding it is within the bankruptcy court's discretion to reopen a case based on the circumstances and equities of each particular case).

Courts may consider a number of factors when deciding whether to grant a motion to reopen a case, including (1) the benefit to the creditors; (2) the benefit to the debtor(s); (3) whether an adverse party will be prejudiced by reopening the case; (4) whether the debtor's failure to disclose was inadvertent; (5) the amount of time that has passed since the case was closed and; (6) indications of forum shopping or other inequitable conduct. *See In re Lowery*, 398 B.R. 512, 515-516 (Bankr. E.D.N.Y. 2008); *In re Arana*, 456 B.R. at 172; *In re Narcisse, 2013 Bankr.LEXIS 1336, at 15; In re Warmbrand*, 2013 Bankr. LEXIS 4786, at 16 (Bankr. E.D.N.Y. 2013). Application of these factors in this case results in the conclusion that sufficient cause has been shown to reopen the Bankruptcy Case to allow the Debtor to amend the schedules to disclose a personal injury claim that arose during the final year of the Debtor's confirmed Chapter 13 Plan.

## BENEFIT TO THE CREDITORS

The Confirmed Chapter 13 Plan paid 100% of all allowed claims to the creditors. While there is no benefit to the creditors in reopening the bankruptcy case, there is also no prejudice to any creditor as they were all paid in full in the confirmed Chapter 13 Plan.

## BENEFIT TO THE DEBTOR

The Debtor will benefit in reopening the bankruptcy case to allow her to amend the schedules to disclose the personal injury claim and counter any argument being made in Case # CACE-22-009588; Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, that the Debtor's failure to disclose the existence of the personal injury claim in the instant bankruptcy prejudiced any creditors. Allowing the Debtor to file amended schedules to disclose the personal injury claim will confirm that the failure to disclose the existence of the claim did not in any way affect the administration of the bankruptcy case as all allowed claims were paid in full in the bankruptcy.

## WHETHER AN ADVERSE PARTY WILL BE PREJUDICED BY REOPENING OF THE CASE

As all allowed claims were fully paid in the confirmed Chapter 13 Plan, the only party that is arguably prejudiced by the reopening of the case is Gulfstream. However, the fact that all allowed claims were fully paid in the confirmed plan defeats any assertion that Gulfstream will be prejudiced by the reopening of the bankruptcy case. Had the Debtor timely disclosed the existence of the personal injury claim during the bankruptcy, nothing would have changed in the administration of the bankruptcy as no creditors were prejudiced by the Debtor's

omission. It is well established that the fact that a defendant will be required to defend a case on the merits does not constitute legal prejudice that weighs against granting the Motion to Reopen. Indeed, if the Bankruptcy Case is not reopened, the Defendants may receive a windfall by obtaining a dismissal in the personal injury case "based on a technical defense that is far afield from the merits of the claims or defenses." *In Re Arana*, 456 B.R. at 177.

### WHETHER THE DEBTOR'S FAILURE TO DISCLOSE WAS INADVERTENT

In determining whether a debtor's non-disclosure was inadvertent, a court may consider whether the debtor "lacks knowledge of [the] existence [of an asset] or a motive to conceal." *In Re Waarmbrand*, 2013 Bankr. LEXIS 4786, at 12. Where the debtor has failed to disclose a pending personal injury action, courts may require testimony of the debtor and other witnesses to reach the conclusion that the debtor's omission was inadvertent. E.g., *In Re* Arana, 456 B.R. at 176 (pro se debtors testified credibly that they did not understand questions about pending lawsuits in the bankruptcy schedules); *In Re* Narcisse, 2013 Bankr. LEXIS 1336, at 30 (medical testimony received that the debtor had suffered mental impairment impeding his capacity to understand legal proceedings). Here, it is unnecessary to hear testimony on this question. The Debtor did not have a motive to conceal the existence of the personal injury claim as she was paying 100% of the allowed claims in the confirmed Chapter 13 Plan and the concealment of the existence of the personal injury claim would not benefit her in any way and was obviously inadvertent.

### THE AMOUNT OF TIME THAT HAS PASSED SINCE THE CASE WAS CLOSED

The case was closed on September 28, 2022 and the Motion to Reopen was filed on November 11, 2022. Less than two months elapsed between the time the case was closed and the Motion to Reopen was filed. This is not a case where an extensive period of time elapsed between the closing of the case and the motion to reopen.

### INDICATIONS OF FORUM SHOPPING OR OTHER INEQUITABLE CONDUCT

There are no alternative forums for the Debtor to seek the relief requested as this Bankruptcy Court is the only forum to address the Motion to Reopen. It arises from this proceeding and requests relief only this Court can grant.

### **CONCLUSION**

Based on the foregoing and pursuant to 350(b), the Debtor has established both standing and cause to reopen the underlying bankruptcy case so that to deny the instant

motion to reopen the underlying case would be an abuse of discretion.

**WHEREFORE,** the Debtor, VICTORIA CALIXTO, seeks this Court's Order reopening the subject bankruptcy case, and for such other relief as this Court deems just.

<u>Local Rule 9011-4(B) Certification</u>

*I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).*

Respectfully submitted:

HECTOR HERNANDEZ & ASSOCIATES, P.A.
Attorney for Debtors
7480 SW 40th Street, Suite 420
Miami, FL 33155
Telephone: (305) 406-3424
Facsimile: (305) 406-3494
By: <u>/s/ Hector Hernandez</u>
    Hector Hernandez, Esq.
    Florida Bar No. 801771
    hector@hhalaw.com