

**ORDERED in the Southern District of Florida on July 13, 2021.**

*Peter D. Russin*
Peter D. Russin, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:                                             CASE NO.: 10-47134-PDR

Diego N. Boneta and
Deborah Ann Boneta,
                                                   CHAPTER 13
            Debtors.                       /

### ORDER DENYING MOTION TO REOPEN CHAPTER 13 CASE

**THIS MATTER** came before the Court for hearing on June 24, 2021 upon the Debtors' *Motion to Reopen Chapter 13 Case* (the "Motion") (Doc. 111), the related Response (Doc. 115) filed by Interested Party American Medical Systems, Inc. ("AMS") (Doc. 115), the Debtors' Reply (Doc. 120), and AMS's Sur Reply (Doc. 122). Based upon a review of the Motion, Response, Reply, Sur Reply, the record, the applicable law, and the arguments of the parties, the Court denies the Motion.

## PROCEDURAL BACKGROUND

1. On December 4, 2010, the Debtors filed their chapter 13 petition (the "Petition Date"). (Doc. 1). In their original schedules, the Debtors listed a contingent and unliquidated personal injury claim by Diego Boneta against the City of Fort Lauderdale (the "Personal Injury Claim") (Doc. 1, p. 13, ¶ 21).

2. On March 19, 2011, the Debtors filed a Second Amended Chapter 13 Plan, proposing plan payments of $199.29/month and indicating that any recovery for the Personal Injury Claim would be "paid to unsecured creditors over and above what is already in the plan." (Doc. 36). On April 27, 2011, the Debtors' Second Amended Plan was Confirmed. (Doc. 43).

3. Approximately four and a half years after the Petition Date, in or around August 2015, the Debtors became aware of certain claims they had against AMS (the "AMS Claims") and retained personal injury counsel to represent them. (Debtor's Aff., Doc. 111, p. 15, ¶¶ 11–12; Co-Debtor's Aff., Doc. 111, p. 19, ¶ 11; Doc. 115, ¶ 10).[1]

4. On December 31, 2015, the Chapter 13 Trustee filed a Notice of Plan Completion and Request for Order Terminating the Employee Wage Deduction Order (Doc. 102).

5. On that same date, the Debtors' personal injury counsel filed a lawsuit against AMS for the AMS Claims in the pelvic mesh multidistrict litigation that was pending in the Southern District of West Virginia. (Doc. 111, p. 3, ¶ 5). Notably,

---

[1] The Debtors indicate that they first became aware of an injury to Co-Debtor Deborah Ann Boneta, resulting from a vaginal mesh product manufactured by AMS in August 2015. For purposes of the Motion, the parties agree that the action accrued not later than August 2015, and the Court makes no finding as to the specific date the cause of action accrued.

Debtors' personal injury counsel was different than Debtors' bankruptcy counsel and no evidence was presented with respect to whether either counsel communicated with the other. (*See* Debtor's Aff., Doc. 111, p. 15, ¶ 13; Co-Debtor's Aff., Doc. 111, p. 19, ¶ 12).

6. On February 9, 2016, the Order Discharging Debtors was entered (Doc. 106) and on June 28, 2016, the bankruptcy case was closed. (Doc. 110).

7. The Debtors never amended their bankruptcy schedules to reflect the AMS Claims. They have both testified that they were unaware of the obligation to amend their schedules post-confirmation, and that if they had been aware of the obligation, they would have done so. (Debtor's Aff., Doc. 111, p. 16, ¶¶ 14–19; Co-Debtor's Aff., Doc. 111, p. 19–20, ¶ 13–18).

8. The Debtors' action against AMS was transferred to the District Court for the Southern District of Florida (the "District Court") and AMS sought summary judgment in its favor based in part upon judicial estoppel due to the Debtors' failure to amend their bankruptcy schedules to disclose the AMS Claims. The District Court denied the motion.

## LEGAL STANDARD

A bankruptcy case may be reopened under 11 U.S.C. § 350(b) to "administer assets, to accord relief to the debtor, or for other cause." A bankruptcy court has discretion when determining whether to reopen a case. *Mohorne v. Beal Bank SSB*, 419 B.R. 488, 493 (S.D. Fla. 2009). When considering whether to reopen a case, courts have considered, *inter alia*, the amount of time between the closing of the case and

the request to reopen, and the impact the reopening would have on the bankruptcy case. *See In re Apex Oil Co., Inc.*, 406 F.3d 538, 542 (8th Cir. 2005). In a chapter 13 proceeding, it is also relevant whether the plan may be modified to allow for distribution to the unsecured creditors. *See, e.g., In re Webb*, No. 3:10-bk-7437-PMG, 2018 WL 11206026 (Bankr. M.D. Fla. Mar. 2, 2018).

Under 11 U.S.C. § 1329(a), a confirmed plan may be modified "any time after confirmation but before the completion of payments under such plan." A court may not approve a modified plan that provides payments for more than five years after the first payment under the original confirmed plan was due. § 1329(c); *see In re Webb*, 2018 WL 11206026, at *6 (denying the U.S. Trustee's motion to convert a chapter 13 case in order to distribute proceeds from a products liability claim that was settled after the bankruptcy case was closed).

Despite the existence of potential litigation that is property of a chapter 13 bankruptcy estate at the time the case is pending, courts have allowed debtors to retain the proceeds from the settlement of that litigation after the bankruptcy case has been closed, based on a debtor's inability to seek to modify a confirmed plan to provide for payments beyond five years after the first payment under the original confirmed plan. *See In re Webb*, 2018 WL 11206026, at *2 & *6 (debtor received $19,000 from a products liability settlement, but the court denied the U.S. Trustee's motion to reopen and motion to convert the case resulting in the debtor retaining the settlement proceeds); *In re Powers*, 435 B.R. 385, 390 (Bankr. N.D. Tex. 2010) (determining that the debtor's settlement funds were property of his chapter 13

estate, but that the debtors and creditors were bound by the terms of the confirmed plan and ordering the funds remitted to the debtor).

## DISCUSSION

At the June 24 hearing, the parties agreed that the Motion should be denied, although for different reasons. The attorney for the Chapter 13 Trustee also appeared and made clear that the Trustee was not requesting that the case be reopened, and that in the event it was reopened, it was highly unlikely that any additional assets could be distributed to the unsecured creditors, given the amount of time that has lapsed since this case was initially closed.

AMS asserted two main reasons in support of the denial of the Motion: (1) the Debtors' initial disclosure of the Personal Injury Claim in their original schedule of assets shows they knew they were required to disclose the AMS Claims and failed to do so, and (2) the filing of the Notice of Plan Completion on the same date as the complaint against AMS shows the Debtors' intent to conceal. AMS insists that the Debtors intentionally failed to disclose the AMS Claims during the pendency of the bankruptcy proceeding, and therefore, they should not now be allowed to reopen the proceeding, amend their schedules, and preclude AMS from asserting judicial estoppel. The Debtors assert that the Motion should be denied because "the unintentional omission had no effect on the underlying bankruptcy case and amendment to their schedules is unnecessary." (Doc. 111, p. 2)

The Court finds that neither of the facts asserted by AMS supports a finding of intent by the Debtors to defraud the bankruptcy court as a basis for denying the

Motion. The Motion is denied because of the time that has elapsed since the case was closed and because reopening would have no impact on the bankruptcy case and is therefore a futile exercise, as further explained below.

The issue of judicial estoppel is not properly before this Court. The District Court has already decided that the record before it contained "insufficient evidence . . . to conclude that [the Debtors] *intentionally* contradicted themselves" and ruled that the Debtors' claims were not barred by judicial estoppel. (District Court Case No. 20-cv-60409-RAR, Doc. 144, p. 23 (emphasis in the original)). This Court is not a proper forum to seek reconsideration of the District Court's decision. The District Court has exclusive jurisdiction to determine whether judicial estoppel may still be shown at trial of the AMS Claims.

The Court finds that the Debtors' disclosure of the Personal Injury Claim at the time of the filing of the petition and their failure to file an amended schedule of assets when the AMS Claims accrued are factually distinct situations. The disclosure of the Personal Injury Claim is not probative of knowledge of the need to amend to include the AMS Claims. When the AMS Claims accrued, over four years after the Petition Date, the Debtors retained personal injury counsel to handle them. No evidence was presented to suggest at that time the Debtors consulted with their bankruptcy counsel as to the Debtors' obligations to disclose the AMS Claims in the bankruptcy case. The fact that the litigation was not disclosed in the bankruptcy, without more, is not indicative of an intentional failure to disclose.

Additionally, the Chapter 13 Trustee filed a Notice of Plan Completion in the ordinary course of the chapter 13 case once the Debtors had completed the plan payments. Chapter 13 debtors have no control over the timing of this administrative filing in any bankruptcy proceeding. Thus, the fact that the Notice of Plan Completion was filed on the same date as the complaint against AMS is a mere coincidence and not probative of a finding of the Debtors' intent to conceal.

The Debtors have completed their plan payments. The first payment under the original plan was due over 60 months ago. Therefore, modification of the chapter 13 plan is not possible under § 1329. As of the date of this Order, the AMS Claims remain contingent and unliquidated, so the potential impact the Debtors' disclosure of the AMS Claims six years ago may have made on the bankruptcy case is, at best, unclear.

What is clear, is that given the inability of the Debtors to modify the confirmed chapter 13 plan in consideration of the AMS Claims, the AMS Claims can have no impact on the administration of the bankruptcy case.

For the foregoing reasons, the Court finds that reopening this case is not warranted under the facts and circumstances presented and **ORDERS** that the Motion is **DENIED**.

###

Copies Furnished To: Brett D. Lieberman, Esq.

*Attorney Brett D. Lieberman must immediately serve this Order upon all interested parties and file a certificate of service with the Court that conforms with Local Rule 2002-1(F).*